HOP BOHANNON *v.* PUTNAM COUNTY.*

(*Nashville.* December Term, 1927.)

Opinion filed June 16, 1928.

1. WORKMEN'S COMPENSATION LAW. STATE. COUNTIES. MUNICIPALITIES EXCLUDED. PLEADING. PETITION. DEMURRER.

The State, counties and municipalities are excluded from the provisions of the Workmen's Compensation Law, and while they may accept its provisions, a petition seeking to recover compensation from a county, will be dismissed on demurrer unless it contains an allegation that the county had accepted the provisions of the Act. (Post, p. 171.)

Citing: Acts 1919, ch. 123, sec. 6, sub-sec. (e).

2. WORKMEN'S COMPENSATION LAW. EXCEPTIONS.

The section of the Act which provides "that from and after the taking effect of this Act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this Act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided, has reference to employees included within the Act and does not pertain to the State, counties, municipalities or others expressly exempted from the Act. (Post, p. 172.)

Citing: Acts 1919, ch. 123, sec. 3;

Distinguishing: Washington Co. v. Evans, 299 S. W., 780.

---

*Headnote 1. Workmen's Compensation Acts, — C. J., section 109 (Anno.).

---

FROM PUTNAM.

Appeal from the Circuit Court of Putnam County.—
HON. J. R. MITCHELL, Judge.

J. B. THOMPSON, for plaintiff in error.

BOCKMAN & HAILE, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the
Court.

By the petition filed herein the plaintiff seeks a re-
covery under the Workmen's Compensation Act for an
injury received while in the employ of the defendant.

A demurrer to the petition was filed and sustained up-
on the ground that the petition does not allege that the
County had elected to operate under the Workmen's
Compensation Act.

Subsection (e) of section 6 of chapter 123 of the Acts
of 1919 is in this language:

"Be it further enacted, That this Act shall not apply
to:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*(1)* "(e) To the State of Tennessee, counties thereof
and municipal corporations; Provided, however, that the
State, any county or municipal corporation may accept
the provisions of this Act by filing written notice thereof
with the State Factory Inspector at least thirty days
before the happening of any accident or death and may
at any time withdraw the acceptance by giving like notice
of the withdrawal."

It thus appears that counties are excluded from the
provisions of the act, and, in order to bind the County,
it was necessary for the petitioner to allege that the
County had accepted the provisions of the Act.

*(2)* The petitioner relies upon section 3 of the Act, which is as follows:

"Be it further enacted, that from and after the taking effect of this Act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this Act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided."

This section has reference to the employers included within the act, and does not pertain to such as are expressly exempted from the act.

In *Washington County* v. *Evans,* 299 S. W., 780, it appears that the county was operating under the act.

The judgment of the trial court is correct, and will be affirmed.