A. L. LITTLE *v.* JOHNSON CITY FOUNDRY & MACHINE COMPANY.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

---

*As to whether injuries received by employee while going to or from work arise out of or in the course of the employment, see annotation in L. R. A., 1916A, 331; L. R. A., 1917D, 119; L. R. A., 1918F, 907; 10 A. L. R., 169; 21 A. L. R., 1223; 24 A. L. R., 1233; 49 A. L. R., 426; 28 R. C. L., 804; 4 R. C. L. Supp., 1857; 5 R. C. L. Supp., 1571; 6 R. C. L. Supp., 1757; 7 R. C. L. Supp., 1006.

*Corpus Juris-Cyc References: Workmen's Compensation Acts, CJ, section 68, p. 78, n. 1; section 75, p. 84, n. 60.

Cox & Taylor and Epps & Epps, for plaintiff in error.

Miller, Depew & Lee, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit to recover compensation under chapter 123 of the Acts of 1919. There was a judgment in favor of the employee below with which both parties were dissatisfied—the employee insisting that he was not allowed sufficient compensation under the statute and the employer insisting that no compensation was allowable. Both

parties have appealed in error to this court and the employer's insurer has filed the record for writ of error.

The employee was a moulder working at the foundry of his employer in Johnson City. This plant was located on the corner of Tennessee Street and Walnut Street in that place. Walnut Street runs east and west and the entrance to the plant is on that street, the entrance fronting south.

Tennessee Street runs north and south, and the employee seems to have lived somewhere in the northern part of the city. His usual route from his home to his work was south on Tennessee Street and along the west line of the employer's premises until he reached Walnut Street when he would then turn east on Walnut Street and proceed to the entrance of the plant referred to above.

On the morning he was injured the proof tends to show that a number of the employees had been asked by their foreman to come back somewhat earlier than they usually went to work and the employee left home about five o'clock, it being in the month of February. As the employee was coming south on Tennessee Street, at a point about 400 or 500 feet from the premises of the employer and about 800 or 1,000 feet from the entrance to said premises he was run over by an automobile and sustained the injuries for which he makes this claim. As just stated the accident occurred on a public street.

(1) The general rule is that an injury received by an employee on his way to or from his work, away from his employer's premises, does not arise out of his employment and is therefore not compensable. Schneider on Workmen's Compensation Law, page 509; Bradbury on Workmen's Compensation, page 468, Note 49, A. L. R., 425, Note L. R. A., 1916A, 331.

This rule is recognized in *McClain* v. *Kingsport Improvement Corporation,* 147 Tenn., 130, *Washington County* v. *Evans,* 156 Tenn., 197, and in other decisions of this court. In the two cases just mentioned, however, the facts did not justify the application of the general rule.

The principle is carefully stated by the Massachusetts Court as follows:

"Unless the incidents of employment be exceptional, the relation between a master and his servant is suspended when the servant leaves the place of his actual employment at the close of his day's work to go to his home, and again becomes active when after the interval of rest, the laborer puts himself in a position where he can do the work of his employment at the place where it is to be performed. *Langley* v. *Boston Elevated R. Co.,* 223 Mass., 492, 496, 112 N. E., 79." *Rourke Claimant* (Mass.), 129 N. E., 603, 13 A. L. R., 546.

We see nothing in the facts of this case to take it out of the general rule. It appears that the employee was ordered to return somewhat earlier on the morning he was hurt, perhaps because of extra work, than he usually reported for duty. His relation with his employer was to be resumed on the particular day at an earlier hour than usual. Such relation, however, had not been resumed and the employee was still on the public highway when he was injured. His injury did not arise out of his employment nor in the course of his employment, but during the suspension of his employment. The employee was to work a longer time on the day he was hurt, than was his custom, and he would have gotten more pay. It seems, therefore, that his early return to work, even under the orders of the employer, was an immaterial circumstance in this case.

*(2)* In *Washington County* v. *Evans, supra,* this court quoted from Corpus Juris Advance Sheets on Workmen's Compensation Acts, paragraph 75, as follows: "As a general rule accidents which happen to an employee on his way to and from work are not regarded as in the course of his employment, except while he is at or so near the place of employment as reasonably to be regarded as in effect at the place; or where, if not on the employer's premises, he is at or near the place of work and on a road or other way intended by the contract of employment as being the means of access to the work."

Commenting on the foregoing the court said: "The last sentence quoted is supported by cases cited in the Notes and extends the rule even beyond that applied in *C., N. O. & T. P. Ry. Co.* v. *Moore,* 148 Tenn., 563. In that case the deceased was in the yards, that is still on the premises, of the defendant, when killed while on his usual way home, after quitting work." The court merely noted the statement in the quotation made that an employee might be regarded as in the course of his employment while "on a road or other way intended by the contract of employment as being the means of access to the work." It was not necessary to apply this doctrine in *Washington County* v. *Evans,* as we hereafter point out.

The reason for holding that one on the road or way, going to or from his employer's place of business, is treated in some cases as being in the course of his employment is thus stated by the West Virginia Court:

"If the place at which the injury occurred is brought within the contract of employment by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or

factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and has chosen his own place or mode of travel, the injury does not arise out of his employment, nor is it within the scope thereof." *De Constantin* v. *Public Service Commission, L. R. A.,* 1916A, 329, 83 S. E., 88.

*(3)* There is nothing in the record before us to indicate any requirement that this employee use the road or way upon which he was injured. So far as the evidence indicates he was free to choose his own mode of travel, and while he usually pursued the route he was following when hurt, his choice of this route was to suit his own convenience and not at the behest of his employer.

Referring again to *Washington County* v. *Evans, supra,* the employee there was hired to work upon a roadway under construction. While his principal duties were at a rock quarry adjacent, he was also called to work from time to time upon the road itself and was killed when an automobile .in which he was riding home overturned by reason of the incomplete state of the road upon which he was working. The court said ". . . he was at the time of his death, not only in near proximity to the immediate location of his regular employment, but in leaving this particular location he had not passed when injured beyond the territory immediately adjacent, which not only, in the broad sense, was 'premises' of the defendant, but was at that time being subjected to construction or repair, which had not so far proceeded as to render passage over it altogether secure; and it further ap-

pears that the deceased was to some extent habitually engaged for his employer on the very construction work, the uncompleted condition of which was partially responsible for his death." *Washington County* v. *Evans,* 156 Tenn., 197.

In *McClain* v. *Kingsport Improvement Corporation, supra,* the employee was killed while riding to work on a horse furnished by his employer. It was part of the contract of employment that this method of transportation should be used by the deceased in going to and from his work and plainly the deceased was in the course of his employment using such transportation so furnished, and his death arose therefrom.

In *Tennessee Chemical Company* v. *Smith,* 145 Tenn., 532, and in *Johnson Coffee Company* v. *McDonald,* 143 Tenn., 505, the accidents occurred while the employees were on the premises where they worked.

For the reasons stated we think there can be no allowance of compensation in this case and the judgment of the trial court must be modified and this suit dismissed at the cost of petitioner.