LILLIOUS MAI JAMES and Husband, S. K. JAMES,
Plaintiffs in Error,

*v.*

SANDERS MANUFACTURING COMPANY and HARTFORD ACCI-
DENT AND INDEMNITY COMPANY, Defendants in Error.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

SIMS CROWNOVER and THOMAS G. WATKINS, Nashville, for plaintiffs in error.

STEPHENSON, LACKEY & HOLMAN, Nashville, for defendants in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a Workmen's Compensation case under T.C.A. sec. 50-901 et seq., in which the trial court sustained the demurrer of the defendant and dismissed the petition of the plaintiffs in error, who have appealed.

Counsel for plaintiffs in error have filed a rather elaborate brief in support of the one assignment of error which is to the effect that the trial court erred in holding that the injury did not arise out of and in the course of employment. It will serve no useful purpose to attempt to reply to all of the cases cited in said brief, for reasons

hereinafter appearing. It will be beneficial, however, to state the substance of the petition in order that it may be made to appear just what is to be determined.

The only language in the petition which describes the place of petitioner's injury, the cause of the injury and the circumstances surrounding it are are follows:

"That the only way for the employees to enter and leave said building was and is by the front doors which open immediately upon the sidewalk provided for pedestrians, such being a concrete pavement in which were metal tops covering water meters. Such pavement was and is some seven or eight feet in width from the doors of the Sanders Manufacturing Company to the street.

"That petitioner's son-in-law, David Slaughter, had for years carried petitioner to and from her work in the office of said defendant.

"V.

"That on March 5, 1956, the floors had been waxed but not sufficiently rubbed or buffed leaving an excess of wax some of which adhered to the soles of petitioner's shoes as she was leaving for home at the conclusion of the days work at the office to continue such duties at home.

\* \* \* \* \* \*

"That petitioner, Lillious Mai James, was accustomed to take home with her the typewriter which she used in the office especially over the week ends for the purpose of, among other things, writing letters solicit-

ing business in behalf of said defendants as well as any other things that might be necessary and on the week end preceding the accident, that is to say on Friday evening, March 2, 1956, she had taken the typewriter home with her particularly for the purpose of typing form letters to guide her secretary in carrying on petioner's work during her contemplated absence from Nashville to attend a business convention for the purpose of promoting the interests of her employers the defendants and for which purpose said machine was left at her residence to be so used on Monday evening and night of March 5, 1956.''

* * * * * *

''That on said March 5, 1956, as petitioner neared the automobile of her son-in-law to enter the same which was parked directly in front of the entrance to defendant's offices she slipped and fell.''

By Amendment ''on the sidewalk.''

The demurrer is ''said petition shows that the petitioner was injured by falling on the public sidewalk after she had left the premises of the defendant, Sanders Manufacturing Company, and not while she was engaged in any duties in connection with her employment with said defendant; and said injuries to petitioner did not arise out of and in the course of her employment. * * *''

The brief in behalf of the plaintiffs relies upon three main propositions, which are (1) that the instant case presents different facts from those in *Smith v. Camel Mfg. Co.*, 192 Tenn. 670, 241 S.W.2d 771, so that the ''so close'' rule which is rejected in the Camel case should be

applied here; (2) that, by reason of the fact that there was only one entrance or way of access to and from the Company building and because of the hazardous condition of the sidewalk directly in front of the entrance to said premises of the defendant consisting of the water meter covers which Mrs. James had traversed day in and day out for many years that was well known to defendant, coupled with the wax that had adhered to her shoes by reason of the failure of the defendant's other employees to buff the excess wax from the floor, all these things combined to bring this injury within the statute as arising out of and in the course of her employment; (3) an additional factor that she was on her way home to continue her duties as Sales Manager for her employer and consequently her injury must be said to have occurred while she was engaged in a dual purpose, that is for her employer and for herself.

It will be helpful to dispose of the second and third postulates, supra, before disposing of the first one. It will be readily observed from an inspection of the matter quoted herein from the petition, that no dangerous condition of the sidewalk in front of the defendant's premises is alleged; it is simply said that there were some iron covers over the water meters. Nor is there any averment that the quantity of wax on the soles of plaintiff's shoes was such as to tend to cause her to slip nor that the wax did in fact cause her to slip. Therefore, these averments have no materiality.

Referring to the third postulate, inspection of the above quoted allegations of the petition will disclose that it is not averred that the plaintiff was required to take home the typewriter or to do any work at home for the

employer. This leaves the facts analogous to those appearing in *Industrial Commission v. Gintert,* cited with approval in *Jellico Groc. Co. v. Hendrickson,* 172 Tenn. 148, 156, 110 S.W.2d 333, 337, in which Ohio case it was held that injuries sustained by a teacher in the public schools while traveling from her home to school building where she performed her duties as an instructor, were not compensable notwithstanding such teacher did some work in her own home preparatory to or connected with the performance of her duties in the schoolroom. In the course of that opinion it was said, "if there can be a recovery under the facts in this record, then there could be a like recovery in the case of any clerk, stenographer, bookkeeper or of any other employee employed in an office, bank, store, factory, or other place of employment who carried home any books, papers, statements, etc., for any purpose at all connected with his duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment."

In *Greenfield v. Manufacturers Casualty Co.,* 198 Tenn. 452, 281 S.W.2d 47, we held that where a store manager was requested to return to work at night after the dinner hour and was told that the store would pay for her evening meal and she was subsequently struck and injured by an automobile two blocks away from the store while on her way to obtain her dinner at a public eating place, the injury did not arise out of and in the course of the employment.

If, therefore, the plaintiff in that case was not entitled to compensation where she had been, in effect, ordered to return to work after her dinner, then it is inconceivable

that the plaintiff in the instant case could be entitled to compensation where her home work, so far as the petition alleges, was purely voluntary.

■ Referring now to the first proposition, counsel for plaintiff stresses the fact that in *Smith v. Camel Mfg. Co.* supra, the employee had the privilege of using two routes to the employer's building and was not required to use the entrance that she was attempting to use and, therefore, it is insisted that the plaintiff in the instant case having only one entrance available, brings her within an exception to the rule in the Smith case, supra, where one is required to use a special road or way, which it is said is hazardous.

We have already disposed adversely of his contention that the way as alleged in the petition to be. hazardous. On page 678 of 192 Tenn., on page 774 of 241 S.W.2d of the Smith case, the opinion states, ''then too the lower court in this case found as a fact that the sidewalk in front of the Central Avenue entrance was no more hazardous than were the other streets and highways of the City on that date.''

The opinion then cites *Flodin v. Henry & Wright Mfg. Co.,* 131 Conn. 244, 38 A. 2d 801, 803. An inspection of the facts of that case, when properly understood, demonstate the immateriality of whether there be one or more than one entrance to the premises. The facts were that the defendant's building was located on the east side of Windsor Street and there was a 4-foot sidewalk on the east side of that street and there was an entrance for the customers and public on the front of the building but the employes were required to use a side entrance

which was located down a passageway 50 feet east of the sidewalk where the employee fell, this being the 4-foot sidewalk used by the general public along the east side of Windsor Street; and it was necessary for the employees to use this public sidewalk in order to get to the passageway going to the side entrance for employees but the employee fell on the public sidewalk and not on the passageway that was on the premises of the defendant. In the light of those facts, the Court said:

"In the necessary use of the sidewalk in front of the defendant's factory to reach his place of employment, Flodin was exercising a right which was his own, a right which differed neither in kind nor degree from that enjoyed by any other member of the general public. It cannot be assumed that he was relying on any implied direction or consent of the defendant. The risk was not peculiar to the employment nor was it annexed thereto. The fact that the employer 'contemplated' that Flodin would use the sidewalk is not sufficient to take it out of the general rule."

Thus it seems apparent that the petition contains no averments to take the case out of the rules laid down in *Smith v. Camel Mfg. Co.*, supra, and, therefore, we affirm the action of the court below with costs.