HAZEL MCKINNEY

*v.*

HARDWICK CLOTHES, INC.

398 S.W.2d 265.

(*Knoxville,* September Term, 1965.)

Opinion filed January 5, 1966.

CONRAD FINNELL, FINNELL & THOMPSON, Cleveland, for plaintiff in error.

ROBERT L. MCMURRAY, BELL, WHITSON, PAINTER & MCMURRAY, Cleveland, for defendant in error.

458

PER CURIAM.

This was a suit for Workmen's Compensation which was dismissed by the Chancellor. An appeal was perfected, able arguments heard and briefs filed herein. After a thorough checking of the record, and an examination of the authorities, we concur in both the conclusions and the reasoning as set forth in an opinion by Chancellor Woodlee. The case is so fully and clearly stated in that opinion that this Court adopts and incorporates it in this opinion for publication.

It is true that we follow the minority rule as set forth in cases in this opinion. This rule probably was first succinctly stated in *Smith v. Camel Mfg. Co.* cited in the opinion of the Chancellor and reaffirmed some four years later in *Bennett v. Vanderbilt University,* also cited in the Chancellor's opinion. We see no reason to change this rule due to the fact that the Compensation Act is a creature of the Legislature. The Legislature is presumed to know the interpretations that this Court has placed on its laws. There have been at least seven meetings of the Legislature since this Court put this interpretation on the Workmen's Compensation Law, and the Legislature has not deemed it necessary to change this rule since it was first enunciated, and the statute interpreted by this Court. The Legislature, thus having failed to change the

rule as adopted by this Court, it must be presumed, is satisfied with this Court's decisions. For many years Michigan followed the same rule as we have in Tennessee, as is shown from the Michigan case of *Daniel v. Murray Corp. of America,* 326 Mich. 1, 39 N.W.2d 229, as cited in *Bennett v. Vanderbilt University.* It was only through action of the Michigan Legislature that a different rule now exists in Michigan. See *Freiborg v. Chrysler Corp.,* 350 Mich. 104, 85 N.W.2d 145.

The conclusions of the majority courts and minority courts on the question here involved are shown in Larson's Workmen's Compensation Law, Vol. 1, sec. 15.41; 58 Am. Jur., Workmen's Compensation, sec. 221; 99 C.J.S. Workmen's Compensation sec. 234; and annotations in 49 A.L.R. 424, and 82 A.L.R. 1043.

We quote and adopt, as above said, the opinion of the Chancellor thus:

"This is a Workman's Compensation case.

"Defendant is a clothing manufacturer in the City of Cleveland operating under the Workmen's Compensation Law. At the time of her accident the complainant was 49 years of age and had been working for defendant about 14 years. For the purpose of this hearing it was stipulated that the injury sustained by complainant had rendered her temporarily and totally disabled. Her average weekly wages at the time were approximately $60.00 per week.

"Complainant lived in the country and drove her car to and from work. In addition to the parking space afforded by public streets, particularly Church Street located on the West side of defendant's plant for the use of its employees. This lot was enclosed by a wire

fence. Except for certain officers and designated employees, there was no reservation of space in the enclosed parking area and thus, the complainant was left to select whatever vacant area was available to her at the time of parking. Use of the enclosed lot or area was restricted to defendant's employees and those having business with it. Within the enclosure and located on the East side of the building or plant, are three entrance-ways or doors designated for use by employees only. These doors are all located within close proximity to each other and also the parking lot. Employees are free to choose whatever area is available to them for parking, choose either door to the plant and traverse whatever portion of the parking lot they please in moving to and from the parked car and building.

"The surface of the lot is fairly level. Part of it is hardtopped and part of it isn't. The accident in question was sustained on that portion of the lot which was not 'hardtopped'.

"At the end of the day shift on February 1, 1965, complainant was notified by her supervisor to listen to the radio for advice as to whether or not she should report for work the following morning because of certain conditions existing at the time. Hearing nothing further by radio, or otherwise, in the early morning of February 2, 1965, the Complainant drove her car from her home to Complainant's plant and parking lot. She arrived shortly before 7:00 o'clock as she was accustomed to do. She drove into the only entrance provided for her to the parking lot and proceeded to park her car a relatively short distance from the entrance or doorway to the plant. Leaving the car, she

proceeded to walk across the parking lot to the plant when she slipped and fell on the icy surface of the parking lot, sustaining fractures to the left arm, hand and wrist from which she is presently suffering.

"Under the law as we now find it, a difficult question is posed, did complainant's injury arise out of and in the course of her employment? Complainant says that it did, and cites authority to support her contention. Defendant says that it did not, and cites authority to support its contention.

"As heretofore stated, Mrs. McKinney resided in the country a distance of approximately twenty miles. There was no public transportation. While she had shared rides at times in the past, she had found it inconvenient because of some overtime work which she performed on occasions. She was described as a 'utility woman' (meaning that her foreman was free to shift her from one job to another if someone were absent). All of these services were performed inside of the plant where she checked in each day at 7:00 A.M.

"The accident complained of took place sometime between 6:30 A.M., and 7:00 A.M. It was dark. It was cold and it had been snowing some. Conditions 'under foot' are described as having been a mixture of light snow and ice. One of the witnesses described this ground condition as 'spotty' meaning, of course, that it was not solid or covering the entire area. There was not proof as to what the conditions were on Church Street and the sidewalk along same, the drive, and walkway entering from Church Street to the plant, over which Complainant would have passed had she parked on Church, but it seems reasonable to assume

the conditions which prevailed in the parking lot prevailed generally.

"Defendant's surveyor, Mr. Neal Sanders, prepared a plat which is filed in this record, showing the location of the plant, streets, sidewalks, driveways, parking areas reserved and unreserved, and in general the area involved here.

"It will be noted that the streets, sidewalks and buildings are not located on a true North, South, East, West course, but for simplification they will be described as such. By referring to the plat, it will be seen that Church Street and the sidewalk along same abut the Westside of the plant. Entrance from this street is by an asphalt drive and walkway abutting the North end of the plant, running East. At the northeast corner of the plant or building, the concrete walk proceeds South along the East side of the building and one of the three entrances is located approximately 15 feet South of the Northeast corner of the building and the second of the three entrances is located approximately 100 feet South from this corner of the building. The third entrance to the plant is located approximately 210 feet South of the Northeast corner of the plant and directly opposite the office area.

"As heretofore stated, Mrs. McKinney had entered the property by the asphalt drive located on the North, entered the gate at the point identified by the red arrow and proceeded generally along the course identified by the red arrows, coming to a stop near the fence along the East side of the parking area identified by the red arrow.

"As aforesaid, while walking in the direction of the plant from the place where she parked, she fell on the

unpaved portion of the parking lot just East of the blue area identified on the plat as 'asphalt reserved parking'.

"The question therefore, is whether or not an employee is entitled to compensation for injury on the premises of the employer before she had started her day's work and while she is walking to that part of the premises where she is required to be for her work, following a route which she chose, but was not required to take, in going from her automobile which was parked on premises of the employer where she was permitted, but not required, to park and when the use of the automobile was for her own convenience?

"In 1951 our Supreme Court rejected the application of the 'so close' rule in the case of *Smith v. Camel Manufacturing Co.,* 192 Tenn. 670, 241 S.W.2d 771. The opinion was written by Justice Burnett, now Chief Justice. In that case, a lady was walking to work and fell on a public sidewalk a few feet removed from the entrance to the plant where she worked. There was other means of ingress and egress to the building, but this lady had chosen this route on which she fell due to the slippery conditions of the sidewalk resulting from the wintry weather Knoxville was experiencing. In this same opinion Chief Justice Burnett wrote:

" 'It is apparent from the foregoing quotation that this Court has rejected the general statement that an accident suffered by an employee in going to and coming from work was compensable if it occurred on the employer's premises, or so near the place of employment as reasonably would be regarded as in effect at the place, unless there were some special considerations as the requirement of use of a special

road or way, or if the manner of travel or the way of travel was within the contemplation of the contract of employment.' (At P. 678 [241 S.W.2d at p. 774])

"The quotation referred to by Chief Justice Burnett was taken from another opinion of the Supreme Court in the case of *Little v. Johnson City Foundry & Machine Co.,* 158 Tenn. 102, 11 S.W.2d 690, 692, as follows:

" 'If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and (has) chosen his own place or mode of travel, the injury does not arise out of his employment nor is it within the scope thereof.'

"The principals laid down by the Supreme Court in the case of *Smith vs. Camel Manufacturing Co.,* supra, were reaffirmed three years later (1954) in the case of *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386. The facts in that case are somewhat similar to the facts in this case, the accident occurring while the employee was walking to her car parked on one of the employer's parking lots located across the public street from Vanderbilt University Hospital. The Supreme Court in an opinion written by the late Justice

Swepston, referring to the opinion in *Smith v. Camel Manufacturing Co.*, supra, said:

" 'The last part of that opinion attempts to *lay down a workable rule that if a process of going to and from is furnished by the employer or is required by the employer to be done in a certain manner or over a certain way, and this submits the employee to a definite special hazard, then in such event such accidents are compensable; otherwise not, as the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment, ready to begin his activities in the employer's work.* * * *'" (At pp. 5 & 6 [of 198 Tenn., at p. 388 of 277 S.W.2d]—Emphasis added)

"The Supreme Court further said, in the Bennett case, supra:

" '* * * there is a distinction between the 'premises' and the 'property' of the employer, as used in compensation cases. While all property owned by an employer may be likewise called 'premises' in general usage, it is *obvious from our cases, that 'premises' under our compensation statute means that part of the property where the employee is to do his work, including that part which he is required to use for ingress and egress.*

" 'The above distinction is pointed out in *Young v. Hamilton Watch Co.*, 158 Pa.Super. 448, 45 A.2d 261.

" 'Defendants have cited several cases in addition to the one next above mentioned involving injuries on parking lots which hold that the mere fact that an employee on the way to and from work is injured in

a parking lot maintained by the employer for the use and convenience of employees does not bring such injury within the course of the employee's employment. We have read them and without discussion other than to say that they are in accord with our previous decisions and the rule laid down in *Smith v. Camel Mfg. Co.*, supra, we list the same as follows: *Daniel v. Murray Corporation of America*, 326 Mich. 1, 39 N.W.2d 229; *Dinsmore's* Case, 143 Me. 334, 62 A.2d 205; *Stornant v. Licari-Packard*, 332 Mich. 210, 50 N.W.2d 762; *Sheridan v. Glen Alden Coal Co.*, 160 Pa.Super. 115, 50 A.2d 540; *Gonter v. L. A. Young Spring & Wire Corp.*, 327 Mich. 586, 42 N.W.2d 749.' (At pp 7 & 8 [of 198 Tenn., at p. 388, 277 S.W.2d]—Emphasis added)

" 'If the place at which the injury occurred is brought within the contract of employment, *by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof.*" (Emphasis added) *Little vs. Johnson City Foundry & Machine Co.*, supra.

"The validity of the foregoing rule was again recognized in the case of *Mallette v. Mercury Outboard Sup. Co.*, 204 Tenn. 438, 321 S.W.2d 816. In that case the employee fell and was injured while climbing steps which were a part of the *required* means of ingress and egress to place of employment. Recovery was had on the basis that the accident (1) arose out of, and (2) within the scope of employment, within the

meaning of Workmen's Compensation Statutes. The opinion, written by Justice Tomlinson now retired, recites in part:

" 'As hereinbefore twice observed (because of its importance), *the only means which defendant employer afforded petitioner to leave his place of employment and reach his home were these steps. * * *'* (At p. 447 [321 S.W.2d at p. 820]—Emphasis added)

"As late as June 1962, our Supreme Court in the unreported case of *Dollie B. Cunningham v. American Lava Corp., et als,* Hamilton Law, affirmed the trial Court in dismissing the suit brought under the Workmen's Compensation Law to recover for injuries sustained by employee growing out of an accident occurring in employer's parking lot. Justice Dyer, writing for the Supreme Court, said:

" ' * * * we feel this case is controlled by the holdings of this Court in the case of *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386. *The route taken by petitioner to reach her car was her own choice, and no particular route was required by the employer.'* (Emphasis added)

"On or off premise parking, place, and the point over which complainant was passing at the time she fell and sustained the injury were all a matter of personal choice. Thus, in the light of the holdings of our Supreme Court, I feel compelled to dismiss complainant's bill seeking compensation for injuries occasioned by a most unfortunate and regrettable accident. This conclusion has been reached after a long and painstaking study of the excellent briefs and the many authorities which the solicitors for both parties have furnished the Court.

468

■ "In conclusion the Court will note that the able solicitor for Mrs. McKinney has placed great emphasis upon the fence enclosing the parking lot in question. While this argument has been given much consideration in the course of my deliberation, yet, in the final analysis the Court is left to deal with the fact that her presence in this parking lot was simply a matter of choice. Her presence was neither an element of the contract of employment nor required. Thus, the conclusion seems inescapable that the facts of this case bring it well within the rule of the Supreme Court heretofore recited. Suppose Mrs. McKinney's car, while proceeding that morning within the parking area, had skidded and collided with another parked car causing her serious injury. Could she have recovered? The Court thinks not."