The Travelers Indemnity Company and the Broughton Food Service Company, Plaintiffs in Error,

*v.*

Mrs. Bessie M. Charvis, Defendant in Error.

428 S.W.2d 797.

(*Nashville,* December Term, 1967.)

Opinion filed May 24, 1968.

594

ALFRED T. ADAMS, JR., Nashville, for plaintiffs in error; GLASGOW, ADAMS & TAYLOR, Nashville, of counsel.

J. L. THOMPSON, III, Nashville, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case involves a workmen's compensation proceeding in which the employer, Broughton Food Service Company, and its insurance carrier, Travelers Indemnity Company, are appealing from an adverse judgment rendered by the Davidson County Circuit Court in favor of the employee, Mrs. Bessie M. Charvis.

The issues presented on this appeal critically involve the meaning and application of "in the course of employment." T.C.A. sec. 50-902.

The petitioner, Mrs. Bessie M. Charvis, was injured when she fell in the hallway of one of the main buildings of Belmont College, in Nashville, Tennessee. The fall occurred on November 1, 1966, while Mrs. Charvis was proceeding to the cafeteria in which she worked. The cafeteria was operated by her employer, Broughton Food Service Company, under contract with Belmont College. The employer also operated a snack bar in the same building at the college. These two facilities were separated by a hallway of approximately 50 feet. The hallway was owned, maintained and controlled by Belmont College, but was used on occasion by petitioner and other employees in taking certain items from the cafeteria to the snack bar. It was evident from the testimony that Mrs. Charvis, and at least some of the other employees, regularly utilized the building entrance which opened into the hallway between the two facilities. On the day of the injury, Mrs. Charvis entered the hallway from this entrance and had proceeded toward the cafeteria door when she slipped and fell, seriously injuring her arm. She was on her way to the cafeteria kitchen to begin the day's work.

The trial judge heard the case on August 1, 1967, and took the same under advisement. He announced his judgment on September 8, 1967, and found that (1) the injury sustained by the petitioner occurred on the premises of her employer; (2) the injuries were compensable; and (3) the petitioner was entitled, under the Workmen's Compensation Act, to medical expenses, temporary total

disability payments, and permanent partial disability payments.

The defendants, Travelers and Broughton, moved for a new trial on the ground, among others, that the trial court failed to make any finding of fact with respect to a highly pertinent issue of whether or not the petitioner was required by her employer to use a certain entrance into Belmont College. In a memorandum denying the motion for new trial, the trial judge stated:

"With respect to defendants' application for an additional finding of fact, the court is of the opinion that it is unnecessary to determine whether petitioner was required to use a certain means of ingress to her place of employment, for the reason that the court has previously found and here reaffirms its finding of fact that petitioner was on the premises of her said employer on her way to work at the time of the accident and was, therefore, within the course and scope of her employment at the time she was injured and entitled to the benefits of the Workmen's Compensation Law."

The defendants, Travelers and Broughton, have perfected an appeal to this Court and make the following assignments of error: (1) the finding that the petitioner was on the employer's premises at the time of her injury was contrary to all the evidence which showed that she fell on property under the complete control of Belmont College; (2) the trial court erred in allowing recovery on the sole predicate that petitioner was on the employer's premises on her way to work at the time of the accident; and that (3) the trial court erred in failing to make a finding as to whether the petitioner was re-

quired by her employer to use a certain means of access to her place of employment.

As indicated before, the ultimate question for decision is whether or not the petitioner's injury was the result of an accident arising out of and in the course of her employment with Broughton. Before reaching this ultimate question, we must examine certain preliminary, but significant, issues.

It must first be determined whether or not the petitioner had reached her place of employment, ready to begin her activities in her employer's work at the time the accident occurred, or, whether she was, at the time of the accident, on the way to work. If the petitioner is placed in the former category, she meets the tests of compensability established by this Court. *Smith v. Camel Mfg. Co.* (1951), 192 Tenn. 670, 241 S.W.2d 771. If the petitioner was still on her way to work, other tests must be applied to determine if she had attained a compensable status.

The trial judge stated that the petitioner was "on the premises of her said employer *on her way to work* at the time of the accident." The record supports the finding that petitioner was on her way to work. Although she fell in a hallway which was adjacent to both the cafeteria and the snack bar, her usage of the hallway at the time of the accident clearly was for the purpose of reaching her station or place of employment, which was the cafeteria.

It is evident that during the day employees, including the petitioner, might be required to utilize the same hallway to carry food items between the cafeteria and the snack bar. The compensability of employees so engaged is another and different case from that with which we are

now confronted. An appropriate analogy can be found in our cases which place acts of the employee while on public streets and sidewalks within the Workmen's Compensation Act, when engaged in the performance of duties for the employer; but not when the employee is utilizing the same streets or sidewalks in approaching a defined place or locale of employment. *James v. Sanders Manufacturing Co.* and *Hartford Acc. & Indem. Co.* (1958), 203 Tenn. 274, 310 S.W.2d 466; *Smith v. Camel Mfg. Co.,* supra, and cases therein cited.

■ This Court has, long since, adopted a more qualified approach than some others to finding compensability when an employee having a fixed situs of work is injured going to and from work. It may generally be stated that an employee is not in a compensable status until he has reached his station or place of employment ready to begin his employer's activities. *Smith v. Camel Mfg. Co.,* supra. Furthermore, the employee may be injured on the employer's property and still not be involved in conduct which will make the injury compensable. This Court stated in *Bennett v. Vanderbilt University* (1955) 198 Tenn. 1, 277 S.W.2d 386:

"It is implicit in this case and in the cases cited and discussed in that opinion, as well as in prior Tennessee cases, that the mere fact that the employee is on the premises or property owned by the employer at the time the employee is injured, is not determinative."

■ The petitioner attempts to place herself within a well recognized exception to the foregoing rules. She urges that the accident occurred while she was proceeding along a *required* means of access to her place of employment. For the purpose of this opinion, we need

not decide whether or not the means of ingress was required, for the reason that the facts do not satisfy other prerequisites for application of this exception. Not only must the access be required, but usage of the route must also subject the employee to a special or inherent hazard of that route. *James v. Sanders Manufacturing Co.,* supra; *Mallette v. Mercury Outboard Supply Company* (1959) 204 Tenn. 438, 321 S.W.2d 816. See, also, Stone and Williams on Tennessee Workmen's Compensation, sec. 36 (Covington Supp.—1965). No allegation of an inherent hazardous condition along this route was made; and assuredly was not proved. The record will not support the assertion of such a condition.

We must conclude, therefore, that at the time of this accident, the petitioner was on her way to work; and not in any status which would bring her within the provisions of the Workmen's Compensation Act's coverage for an injury arising out of and in the course of her employment.

In rendering this decision, this Court is mindful of the somewhat strict approach which it has taken in deciding this and similar cases. It must be constantly kept in mind that what is here considered is the basic underlying coverage of the Tennessee Workmen's Compensation statute; that is, the liability which the employer, large or small, is required to assume personally, or provide valid and adequate insurance to cover. It is not a case where we have for construction or application those provisions of such statutes which deal with what might be called secondary questions of compensability of a particular accident or amount recoverable. If change is to be made in basic coverage, such is not the function of this, or any other, Tennessee court. *McKinney v. Hardwick Clothes, Inc.* (1965) 217 Tenn. 457, 398 S.W.2d 265.

The decision of the lower court is reversed and the petition dismissed. The costs of this appeal are assessed against the petitioner, Mrs. Bessie M. Charvis.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.