**Verda Bonnie DRINNON, Appellant,**

**v.**

**KNOX MANUFACTURING COMPANY et al., Appellees.**

Supreme Court of Tennessee.

June 5, 1972.

Egerton, McAfee, Armistead & Davis, Knoxville, for appellant.

Morton, Lewis & King, Knoxville, for appellees.

## OPINION

CHATTIN, Justice.

This is an appeal from a decree of the Chancellor dismissing appellant's complaint seeking recovery of workmen's compensation benefits.

The Chancellor, after hearing the proof, dismissed the suit on the ground the alleged accident and injury to appellant did not arise out of and in the course of her employment.

Accordingly, the only question for our consideration is whether the Chancellor correctly held the accident did not arise out of and in the course of appellant's employment.

The facts are undisputed.

The accident occurred on February 3, 1971. Appellant was employed by appellee as a finisher of men's coats. That is, she sewed sleeve linings in the coats. Her wages were for piece work.

There was a lunch and locker room in the building where the employees were required to keep their lunch kits and outer garments. They were also required to eat their lunch in the lunch room which had tables that folded in to the walls and when pulled out locked in place for use. They were described to be similar to a drop leaf table.

There was a door at the side of the building near the front of the building that opened into the lunch room. There was also a front door to the building. The employees were permitted to use either entrance in entering and leaving the building as they chose. Those employees who rode from work on buses or other transportation were permitted to wait for such in the lunch room.

The morning of the accident appellant had ridden to the factory with a co-employee, Mrs. Layman.

During the morning, Mrs. Layman came to appellant and told her she was going to leave her work a few minutes prior to quitting time so she could get her car and get ahead of the heavy traffic. She told appellant a co-worker had agreed to clock out for her.

Mrs. Layman told appellant to have someone clock out for her so she could meet her in the lunch room a few minutes before quitting time.

Appellant left her place of work at about three twenty-five P.M. She went directly to the lunch room and got Mrs. Layman's and her lunch kits. She was standing in the lunch room waiting for Mrs. Layman when she leaned against a table. The table apparently was defective. It collapsed and appellant fell to the floor. She experienced pain in her back and left leg.

No one saw the accident.

The Chancellor, in reaching his judgment, said:

"Mrs. Drinnon had left her duties and left the service of the employer. She was on a personal mission of her own and while it is true that she was on the premises of the employer, the mere physical presence of being upon the premises in and of itself without anything more does not make a case, in my opinion, compensable. It still must subject itself to the test of whether or not the accidental injury arose out of and in the course of the employment. One of the tests used in determining this fact or taken into consideration by the courts of Tennessee where the accident is on the premises is whether or not the employee was subjected to an unusual risk or special hazard. There is no showing here of any such thing."

█ It is urged upon us by appellees the rule that if there is any material evidence to support the Chancellor's finding

of facts, such finding will not be disturbed on appeal.

However, we do not think that rule applies to this case. As hereinabove stated, the facts are undisputed. That being true, "it remains only to construe the law applicable to the undisputed facts." Moore v. C., N. O. & T. P. Ry. Co., 148 Tenn. 561, 256 S.W. 876 (1923); Travelers Ins. Co. v. Evans, 221 Tenn. 199, 425 S.W.2d 611 (1968).

The undisputed facts show that appellant was required to eat her lunch on the premises of her employer. She was also required to go to this lunch room to deposit her lunch kit on arriving at her employment.

Of necessity, she was required to leave her work by way of the lunch room in order to retrieve her lunch kit.

█ We are of the opinion the following rule applies to the facts of this case:

"It is apparent from the foregoing quotation that this Court has rejected the general statement that an accident suffered by an employee in going to and coming from work was compensable if it occurred on the employer's premises, or so near the place of employment as reasonably would be regarded as in effect at the place, unless there was some special consideration as the requirement of use of a special road or way, or if the manner of travel or the way of travel was within the contemplation of the contract of employment." Smith v. Camel Mfg. Co., 192 Tenn. 670, 241 S.W.2d 771 (1951).

In that case this Court quoted with approval the following:

" 'If the place at which the injury occurred, is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or

manner of coming to work, such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and (has) chosen his own place or mode of travel, the injury does not arise out of his employment nor is it within the scope thereof.' " Little v. Johnson City Foundry and Machine Co., 158 Tenn. 102, 11 S. W.2d 690 (1928).

■ In requiring its employees to come to and from their work through the lunch and locker room, such place became an "element or factor" in the employment, and it owed them the same duty of protection there that it did where they actually worked. Johnson Coffee Co. v. McDonald, 143 Tenn. 505, 226 S.W. 215 (1920).

" . . . There is a distinction between the 'premises' and the 'property' of the employer, as used in compensation cases. While all property owned by an employer may be likewise called 'premises' in general usage, it is obvious from our cases, that 'premises' under our compensation statute means the part of the property where the employee is to do his work, including that part which he is required to use for ingress and egress." Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386 (1955).

At the time of the accident appellant was on the premises of the employer and where she was required to be in leaving her employment. But for the apparent defective condition of the table, the accident would not have happened.

Appellee has cited certain cases in which it insists supports the decree of the Chancellor. We think these cases are distinguishable on the facts.

In Smith v. Camel Mfg. Co., supra, the employee was on a public sidewalk when she fell. Her employer had no control of the sidewalk.

In James v. Sanders Mfg. Co., 203 Tenn. 274, 310 S.W.2d 466, the employee likewise fell on a public sidewalk.

In McKinney v. Hardwick Clothes, 217 Tenn. 457, 398 S.W.2d 265, the employee fell on the parking lot of her employer where she parked her car but was not required to do so.

In Travelers Indemnity Co. v. Charvis, 221 Tenn. 593, 428 S.W.2d 797, the employee fell in a public hallway on her way to work.

This Court held in that case there was no allegation of an inherent hazardous condition along the route made in her petition or any proof thereof.

In the case at bar, the petition alleges the table was defective and the undisputed proof shows when appellant leaned against it it "fell" or collapsed. That is, it was a special hazard and on the required route of egress.

The Chancellor pretermitted the question of the extent of disability, if any, suffered by appellant.

Accordingly, the decree of the Chancellor is reversed and the case remanded for further proceedings consistent with this opinion. Appellee will pay the costs of the appeal.

DYER, C. J., CRESON and McCANLESS, JJ., and JENKINS, Special Justice, concur.