**James Vernon POTTS, Appellant,**

**v.**

**HEIL–QUAKER CORPORATION and Aetna Life and Casualty Insurance Company, Appellees.**

Supreme Court of Tennessee.

July 3, 1972.

(employee) from the holding of the chancellor that the injury received by the employee did not arise out of or in the course of his employment. The issue here is whether the injury was "in the course of employment" or more specifically, whether the "place" of the injury was "in the course of employment."

The facts on the determinative issue are as follows: Employee, male, age 47, had been employed by Heil-Quaker Corporation (employer), for a number of years as a welder. The premises of the employer are enclosed by a wire fence with one gate designated as the guard gate, which all employees are required to use in going to and from work. Employee in going to work would come through the guard gate and then walk through an open space for a distance of about one hundred fifty feet to enter the welding · building where he worked. Upon entering the welding building employee would check in and start his shift. Upon completion of his shift employee would check out and leave the premises of the employer by the same route.

On the day of the injury (May 2, 1970), employee used his normal procedure in going to and from his work. On this day upon leaving work when he had reached a point within the open space area about ten feet from the welding building, he slipped and fell on a concrete surface injuring himself for which injuries he claims compensation. A film of oil had accumulated on this concrete surface where employee fell and was at the time wet from rain.

The chancellor made no finding of fact, but we presume from the argument made to the chancellor and the briefs filed here the chancellor found employee had left his place of employment when he checked out in the welding building and was on his way over a route of his own choice from work when the fall, resulting in the injuries, occurred.

The facts, in addition to the previous facts shown in this opinion, upon which

Shelby L. Haywood, Haywood & Whitaker, Lewisburg, for appellant.

George B. McGugin, Watkins, McGugin, Finch & McNeilly, Nashville, for appellees.

## OPINION

DYER, Chief Justice.

This is an appeal in a workmen's compensation case by James Vernon Potts

this holding is based are as follows: This open space between the wire mesh fence where the guard gate is located and the welding building, as shown by the photographs, is approximately one hundred to one hundred fifty feet in both width and depth. Although employee was required to enter and leave through this guard gate he was not required to take any particular route through this open space in either going to or from the welding building. Also, there were four doors giving access to the welding building and employee was free to use any of these doors.

■ The general rule is that an injury received by an employee on his way to and from his work, away from his employer's premises, does not arise out of his employment and is, therefore, not compensable. Little v. Johnson City Foundry & Machine Co., 158 Tenn. 102, 11 S.W.2d 690 (1928). There is an exception to this rule and in McKinney v. Hardwick Clothes, 217 Tenn. 457, 398 S.W.2d 265 (1966), we approved the following statement as a workable rule in determining if an employee is within the course of his employment when going to and from his actual place of employment, which in the case at bar would be employee's work station in the welding building. The rule is:

" . . . that if a process of going to and from is furnished by the employer or is required by the employer to be done in a certain manner or over a certain way, and this submits the employee to a definite special hazard, then in such event such accidents are compensable; otherwise not, as the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment, ready to begin his activities in the employer's work. * * *" 217 Tenn. at 465, 398 S.W.2d at 268.

In Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386 (1955), we noted under our workmen's compensation statutes there was a distinction between the "property" and the "premises" of the employer. "Premises" of the employer means the part which employee is required to use for ingress and egress. The question for decision in the case at bar is; first, was the route employee used to go from his work station in the welding building to the guard gate "employer's property line", a route required by the employer as to make it a part of the "premises" of the employer as this word "premises" is used in our workmen's compensation statutes. Secondly, if so, did the required route submit the employee to a definite special hazard.

In Mallette v. Mercury Outboard Supply Company, Inc., 204 Tenn. 438, 321 S.W.2d 816 (1959), we held concrete steps on a steep bank leading to a marina located on a barge in a lake, where the employee was employed, was a part of the premises of the employer. This holding is based on a finding that (1) these steps were built as an incident to the operation of the marina, and (2) employees had no other reasonable means of getting to and from the marina, (3) the employer necessarily expected the employees to use the steps for that purpose, and (4) the use of the steps was limited to the patrons and employees of the marina.

■ The employee was required by the employer to use the guard gate in going to or leaving his place of employment in the welding building. The employer admits such was required but argues the fact employee either in going to his place of employment from the guard gate or going from his place of employment to the guard gate was not required by the employer to take any particular route through this open space (previously described in this opinion), nor was he required to enter the welding building by any of the four doors available gave the employee a choice of what route he would take; that this being true the case is controlled by the rule set out in Bennett v. Vanderbilt University,

*supra,* and the injury received while traveling the route selected by the employee through this "open space" would not be in the course of his employment.

Bennett v. Vanderbilt University, *supra,* involved an employee of a hospital whose place of employment was inside the hospital building. The employer owned a parking lot adjacent to the hospital allowing, but not requiring, its use by employees. Employee upon leaving her place of employment went to the parking lot to get her automobile to return home and there suffered an injury for which she claimed compensation. The Court denied compensation on the ground there were several routes the employee could use in going from her place of employment to the parking lot, none of which were required by the employer. The Court also noted the employer had no interest in whether the employee came to work in her automobile and, therefore, had no interest in whether the employee used the parking lot.

We think the case at bar is distinguishable from Bennett v. Vanderbilt University, *supra.* In the instant case the employer had a continuing interest in the employee's route to and from his place of employment in the welding building. The employer required the employee to extricate the "premises" through a specific guard gate. To achieve this requirement, the employee had a choice of four exits leading from the welding building to the "open space" upon which he necessarily had to traverse in order to reach the designated guard gate. The "required route" rule is not so inflexible as to allow an employer to designate exact geographic limitations to a particular route in order to escape liability for hazards existing a few feet on either side of the given route. Nor is it intended to allow an employer to avoid liability by granting an employee discretion of movement through an area restricted by boundaries. The mere fact the employee had a choice of path within a reasonable defined area, a variance of which may or may not

subject him to "special hazards" is insufficient to take him out of the "required route" rule.

There is one other element necessary to consider; that is, whether this required route submitted the employee to a definite special hazard. The evidence reflects a film of oil had accumulated over parts of this "open space" area and other employees had previously fallen in the area. This route did present a definite special hazard.

■ Employer in its brief raises the issue of the material evidence rule in workmen's compensation cases. We find no conflicts in the evidence and it is for this Court to construe and give legal effect to the undisputed facts and in doing so may properly reach a different conclusion from that of the trial court. Moore v. Cincinnati, N. O. & T. P. Ry., 148 Tenn. 561, 256 S.W. 876 (1923).

The judgment of the trial court is reversed and the cause remanded for a determination of benefits due.

CRESON, HUMPHREYS and McCANLESS, JJ., concur.

MILES, Special Justice, dissents.

MILES, Special Justice (dissenting).

It is with some misgivings that I venture to disagree with the majority opinion in the above case; yet, I have been unable to reconcile my conclusions with those expressed by the author of the majority opinion.

Generally, an employee is not in a compensable status until he has reached his station or place of employment, ready to begin his employer's activities. Similarly, an employee who is injured after completing his employer's activities is not entitled

to such compensation, although still on the employer's premises, unless his case comes within the exception contemplated by the cases cited in the majority opinion.

The case of Travelers Indemnity Co. v. Charvis, 221 Tenn. 593, 428 S.W.2d 797, takes a more strict approach to the question before us and in that case the circumstances appear to be more favorable to a recovery than those of the case at bar. Also see James v. Sanders Manufacturing Co., 203 Tenn. 274, 310 S.W.2d 466. In McKinney v. Hardwick Clothes, Inc., 217 Tenn. 457, 398 S.W.2d 265, this court held that the icy conditions there involved were not a special hazard. In James v. Sanders Manufacturing Company, supra, this court held that metal covers on sidewalks were not special hazards as contemplated by the exception to the rule in McKinney v. Hardwick Clothes, Inc., supra. In Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386, recovery was denied because the injured employee was not using a course of travel *required* by the employer for egress and ingress. On the contrary, the record in the case at bar reveals that the employee, by his own admission, was *taking a short cut* to the exit gate; thus, he was apparently not using the conventional route. It is established by the record that this gate was accessible to the employee from three other exits from the plant and there *is no indication that the course of travel* from these three exits to the gate were inherently dangerous.

Moreover, the Chancellor concluded, apparently, that the course of travel voluntarily chosen by the employee was not inherently dangerous. This would appear to be a conclusion of fact by which this court is bound.

The circumstances of the case at bar are clearly distinguishable from those on which the case of Mallette v. Mercury, 204 Tenn. 438, 321 S.W.2d 816, wherein the employee had no other course of travel (or "escape route") available to him.