**TRI–CITY TOWEL & LINEN SERVICE, INC., Appellant-Defendant,**

v.

**Jewell Salyers COPE, Appellee-Plaintiff.**

Supreme Court of Tennessee.

Oct. 27, 1975.

Patrick Ledford, Frank K. Moore, Moore, Stout, Waddell & Ledford, Kingsport, for appellant-defendant.

Daniel B. Minor, J. Kenneth Wright, Kingsport, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

This is a workmen's compensation case in which the employee fell in a public alley, near the entrance to the building of her employer, as she was returning from lunch. There is no claim of permanent partial disability, but the Chancellor allowed temporary total disability benefits for a period of twenty-two months following the date on which the employee left her employment. The employer has appealed.

The employer operated a laundry in Kingsport, fronting on Clay Street, a public thoroughfare. There was a side entrance opening into a public alley, which was not part of the employer's premises. Employees were permitted a 30-minute lunch period, during which they were not paid, and they were free to leave the premises and eat lunch at any place of their choice. There is material evidence that employees in fact used both the front door and the side door, although there is some indication that there were signs posted inside the building instructing them to use the Clay Street entrance.

The accident in question occurred during the middle of the day in July 1973.* The employee, Mrs. Cope, had left the building by the side door, and had walked down the alley to go to a nearby restaurant. She was returning from the restaurant about five minutes before the buzzer was to sound for her to resume work. She slipped and fell at a point in the alley which was from one to five feet outside the entrance to the employer's building. There is testimony that some barrels of cleaning fluid, which were used in the employer's business, had been placed in the alley just outside the door, and that some fluid from these containers had leaked out into the alley, causing it to be slippery. Although disputed, there is evidence that the employee fell in this substance, and sustained the injuries for which suit was brought.

The supervisor of the employee came to her aid, and the employee was taken to the hospital for emergency treatment. She returned to work the next day, and continued to work for about four months. She then left her employment in November 1973, stating that she was unable to continue to work because of pain. She married three days after leaving the employment, and never did return to work. She testified that her husband did not want her to go back to work, but she was able to do most of her household duties. She continued to suffer from pain and discomfort, however, and was seen by an orthopedic surgeon in September 1974. He found no evidence of a fracture, but did find tenderness in the coccyx area. It was his opinion that the appellee had sustained a sprain of the joint between the sacrum and the coccyx. He testified that the appellee would probably continue to have symptoms for approximately another year from the date when he saw her.

It is the contention of the appellee that the use of the alley by her was a permissible route to and from the restaurant where she ate lunch, and that a special hazard was created because of the cleaning substance which had leaked into the alley near the door of the building.

There have been a number of reported decisions in this state dealing with factual situations similar to the present case. These were considered at length in the case of *Hankins v. Camel Manufacturing Company,* 492 S.W.2d 212 (Tenn.1973). There an employee slipped on some ice as she was leaving the premises of her employer to go to a lunch wagon in the rear of the building. In that case the trial judge had not found it material to make a finding whether or not the employee fell on the premises of the employer and had not considered that a determinative issue. This Court, however, reviewing the facts in considerable detail, concluded that the employee had fallen in the doorway of the building which

---

* The exact date does not appear in the record.

she was leaving, and that she had not actually emerged from the building onto the sidewalk or public alley when she slipped. Under these circumstances the Court permitted a recovery and distinguished a number of earlier cases where the employee had fallen in a public way, going to or from work. In addition, in the *Hankins* case, the Court noted the fact that employees, regularly, during the course of their duties, used the doorway and the immediately adjacent alley, and that they frequently had to cross the alley to go to another building owned by the employer. Although appellee relies heavily on the *Hankins* case, we believe that it is not controlling in the present case.

The trial court relied upon the case of *Mallette v. Mercury Outboard Supply Company, Inc.,* 204 Tenn. 438, 321 S.W.2d 816 (1959). In that case an employee was injured in a fall on some concrete steps which led down a steep bank to a marina located on a barge in a lake. These steps were held, however, to be part of the actual premises of the employer. Commenting on this decision in the case of *Potts v. Heil-Quaker Corporation,* 482 S.W.2d 135 (Tenn. 1972), the Court said:

"This holding is based on a finding that (1) these steps were built as an incident to the operation of the marina, and (2) employees had no other reasonable means of getting to and from the marina, (3) the employer necessarily expected the employees to use the steps for that purpose, and (4) the use of the steps was limited to the patrons and employees of the marina." 482 S.W.2d at 137.

In the *Heil-Quaker Corporation* case, *supra,* an employee was required to use a guard gate in going to and from his place of employment. After going through the gate he walked through an open space by a route of his own choice toward a building situated about 150 feet away, where he worked. As he was leaving the building after work on the date of the injury, he slipped and fell on a film of oil which had accumulated on a concrete surface. Reversing the trial court, this Court held the injury to be compensable, stressing the fact that employees were required to use the guard gate, and that the employer had a continuing interest in the employee's route to and from his place of employment in the welding building.

In the *Heil-Quaker* case, the Court recognized that ordinarily employees are not covered when going to and from a place of employment, with the exception that if a particular process of going to and from work is furnished by the employer or such transit is required by the employer to be done in a certain manner or over a certain way, and this submits the employee to a definite special hazard, then injuries to the employee en route are deemed compensable.

This rule was discussed at some length in the case of *McKinney v. Hardwick Clothes,* 217 Tenn. 457, 398 S.W.2d 265 (1966). In that case an employee fell in a parking lot, from which there was access to the employer's plant through three separate doors. The employee fell on the icy surface of the parking lot, and this Court affirmed a holding of the trial court that the injury was not compensable.

Probably the leading case in this state on the subject is *Smith v. Camel Manufacturing Company,* 192 Tenn. 670, 241 S.W.2d 771 (1951). There an employee fell on a public sidewalk a few feet outside the entrance to the plant where she worked. There were other means of ingress and egress to the building. The employee slipped on some ice on the sidewalk, and this Court denied recovery. The Court, in that case, expressly rejected the "so close by" rule followed in some states, under which compensation is allowed if the employee is actually injured on the premises of the employer or so close thereto that the place of injury is considered to be a portion of the premises. See also *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386 (1955).

In the case of *James v. Sanders Manufacturing Co.,* 203 Tenn. 274, 310 S.W.2d 466 (1958) an employee fell on a public sidewalk on a metal cover of a water meter, just outside the front entrance to her place of

employment. This was the only entrance to the building. It was also alleged that the shoes of the employee had been coated by excess amount of wax placed on the floor of the employer's building. Compensation was denied, upon the ground that the employee was on a public way, after having left her place of employment.

Admittedly the cases on this subject involve narrow factual distinctions, but compensation has usually been denied where an employee is on a public thoroughfare or way. In the case of *Travelers Indemnity Company v. Charvis*, 221 Tenn. 593, 428 S.W.2d 797 (1968), an employee slipped and fell in a hallway between two buildings of a college. She was en route to her place of employment, but had not yet begun her duties or reached her work station. Even though the hall in which she fell was an area where she might have been required to perform duties during the course of the day, compensation was denied on the basis of the *Sanders Manufacturing Company*, *Camel Manufacturing Company* and *Vanderbilt University* cases cited above.

Since the employee in the present case fell in a public alley, which was not a required route for her use, and at a time when she was not performing any services for her employer, we are of the opinion that her injuries did not arise out of and in the course of her employment as those terms have been interpreted in the case law of this state.

In view of the foregoing disposition of the case, we find it unnecessary to consider the other assignments of error filed on behalf of the employer.

The judgment of the trial court is reversed and the suit is dismissed at the cost of appellee.

FONES, C. J., COOPER and HENRY, JJ., and HYDER, Special Justice, concur.