**PACIFIC EMPLOYERS INSURANCE COMPANY and Halo Cleaners d/b/a Town and Country Cleaners Coin Laundry, Appellants,**

v.

**Betty Sue BOOKER, Appellee.**

Supreme Court of Tennessee.

July 18, 1977.

Don R. Binkley, Gracey, Maddin, Cowan & Bird, Nashville, for appellants.

James L. Curtis, Higgins & Curtis, Nashville, for appellee.

## OPINION

COOPER, Chief Justice.

This is a workmen's compensation action. The appellants, Pacific Employers Insurance and Halo Cleaners, appeal from a decision of the Circuit Court of Davidson County awarding benefits to the appellee, Betty Sue Booker, an employee of Halo, in compensation for injuries that she suffered when she fell in the parking lot adjoining her place of employment. The sole question presented is whether the appellee's injuries arose out of and in the course of her employment.

The facts of the case are not in dispute, being derived solely from the testimony of the appellee, the only witness in the trial court. From that testimony, it appears that the appellee worked as an attendant at a coin-operated laundry operated by appellant Halo. The appellee worked six hours a day Monday through Friday, and ten hours a day on Saturday. She was allowed one hour a day for lunch, for which time she was not paid. Her employer requested that she leave the laundry during her lunch hour. It was the appellee's custom to walk home to have lunch whenever possible, her home being located across the street from the laundry. The laundry is in a small shopping center, and it was necessary for the appellee to cross a parking lot provided for the patrons and employees of the stores located in the shopping center in order for her to return home. On July 28, 1975, while the appellee was crossing the parking lot on her way home to have lunch, she slipped on a flattened tin can and fell, injuring her leg.

The appellee was injured while she was on her way to eat lunch, at a place of her own choice, which was not on the premises of her place of employment. Implicit in our decisions is the principle that an employee who is on an unpaid lunch period, during which he is free to leave the premises and eat lunch at any place of his choice, and who in fact does leave those premises, is not performing a service for his employer. *Tri-City Towel and Linen Service v. Cope*, 529 S.W.2d 51 (Tenn.1975); *Greenfield v. Manu-*

*facturers Casualty Co.*, 198 Tenn. 452, 281 S.W.2d 47 (1955). *Compare Hankins v. Camel Manufacturing Co.*, 492 S.W.2d 212 (Tenn.1973). Although the appellee was requested to leave the premises by her employer, this in and of itself is insufficient to establish that she was performing a service for her employer during her lunch hour. *See Greenfield v. Manufacturers Casualty Co., supra.*

■ Recovery of workmen's compensation benefits for injuries suffered by an employee who is not on the business of his employer, and who is on his way to or from his work station, is restricted to those instances in which the employee is proceeding by a means furnished by the employer, or in a manner or over a route required by the employer, and this subjects the employee to a definite special hazard. *Aluminum Corp. of America v. Baker*, 542 S.W.2d 819 (Tenn. 1976); *Potts v. Heil-Quaker Corp.*, 482 S.W.2d 135 (Tenn.1972). In this case the undisputed evidence shows that the appellee, at the time she was injured, was not proceeding in a manner or over a route mandated by her employer, as that requirement has been interpreted by this court. *See, e.g. Tri-City Towel & Linen Service v. Cope, supra.* Furthermore, there is no evidence in the record that indicates that the dangers stemming from the flattened tin can on which the appellee slipped were in any way peculiar to the route taken by the appellee, or different from those to which any person might be subject. *See Woods v. Warren*, 548 S.W.2d 651 (Tenn.1977); *Jackson v. Clark and Fay, Inc.*, 197 Tenn. 135, 270 S.W.2d 389 (1954).

■ This court does not reweigh the evidence in workmen's compensation cases. *Strader v. United Family Life Insurance Co.*, 218 Tenn. 411, 403 S.W.2d 765 (1966). This does not mean, however, that we will affirm a decision that is not supported by material evidence. *Insurance Co. of America v. Hogsett*, 486 S.W.2d 730 (Tenn.1972). We have found no material evidence to support a finding that the appellee was subjected to a definite special hazard when

she crossed the parking lot. Accordingly, the judgment of the trial court is reversed and the case dismissed.

FONES, HENRY and BROCK, JJ., and LEECH, Special Justice, concur.