WASHINGTON COUNTY .v. GEORGIA EVANS.*

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. WORKMEN'S COMPENSATION. EVIDENCE. APPEAL.
Where there is material evidence to sustain the findings of the Trial
Judge the judgment will not be reversed by this Court. (Post,
p. 198.)

2. WORKMEN'S COMPENSATION. GOING TO AND FROM
WORK. PLACE OF EMPLOYMENT.
Where it appears that the deceased was employed as a mechanic in
and about a rock quarry being operated by the employer in con-
nection with the construction of an adjacent highway, and where
at the close of the day's work he passed out of the quarry on to
the highway, taking passage in an automobile which shortly aft-
erwards met a truck, and in attempting to pass, the car in which
the deceased was riding was crowded out upon the edge of the
road, (which was not solid), and was overturned, resulting in the
death of the deceased; it further appearing that the deceased was
traveling along the usual and most direct route from the rock
quarry to his home, the facts are sufficient upon which to base a
finding that the deceased was at the time of his death within the
purview of the Act. (Post, p. 198.)
Citing: C. J. Advance Sheets, Paragraph 75; C. N. O. & T. P. Ry.
Co. v. Moore, 148 Tenn. (21 Thomp.), 563; Tennessee Chemical
Co. v. Smith, 145 Tenn. (18 Thomp.), 532.

3. WORKMEN'S COMPENSATION. NOTICE.
Where it appears that the employer, or its agents, had actual knowl-
edge of all the necessary details of the accident, making out a
report of the death which was sent to the insurance company, and
no possible prejudice resulted from the failure to give the formal

---

*As to effect of excuse for not giving notice or making claim as
required by provision of workmen's compensation act, see annotation
in L. R. A., 1917D, 141; L. R. A., 1918E, 564; 28 R. C. L., 804, 805;
4 R. C. L. Supp., 1857.

notice required by the Compensation Act, such notice is not a necessary incident to maintaining a suit. (Post, p. 201.)

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 144; 2. Workmen's Compensation Acts, C. J., section 75; 3. Workmen's Compensation Acts, C. J., section 102.

---

## FROM WASHINGTON.

---

Appeal from the Law Court of Washington County.— Hon. D. A. VINES, Judge.

COX & TAYLOR, for plaintiff in error.

DIVINE & GUINN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment for compensation in favor of a widow, whose husband was accidentally killed while an employee of the County, which was operating in the construction of public roads under the compensation law.

(1) The defense is twofold: (a) That the accident did not come within the statutory phrase "arising out of and in the course of employment," and, (b) that written notice was not given as required. The trial Judge found in favor of the petitioner on both of these propositions, and if there is material evidence to sustain his findings the judgment will not be reversed.

(2) The situation presented is somewhat unusual and we have been pointed to no case exactly dealing therewith. The defendant is the County of Washington and the deceased was in its employ as a mechanic engaged in and about a rock quarry, being operated by the County in connection with the construction of an adjacent highway. While the record seems to indicate that

the principal duties of the deceased called for his presence on or about the rock quarry proper, there is evidence that his duties also called him from time to time out upon the highway, where equipment owned by the County was being used in road construction. The deceased, upon the blowing of the whistle at the close of the day's work, proceeded toward his home along this highway, which was in course of construction. Passing out of the quarry on to this highway he took passage in an automobile, which shortly afterwards met a truck, and in attempting to pass the car was crowded out upon the edge of the road, which had been recently filled and was not solid, and was overturned, resulting in the death of the deceased. The proof shows that rock was being brought out from this quarry, in which the deceased worked, and used in constructing that part of the road on which the accident occurred. It further appears that the deceased was traveling along the usual and most direct route between the rock quarry and his home. In fact, it does not appear that there was any other reasonably available route.

On the facts thus stated, we are not disposed to disturb the finding of the trial court that the deceased was at the time of his death within the purview of the act, although the question is close. Under the sub-head, "going to and from work," in Corpus Juris Advance Sheets dealing with Workmen's Compensation Acts, Par. 75, the rule is thus stated: "As a general rule accidents which happen to an employee on his way to and from work are not regarded as in the course of his employment, except while he is at or so near the place of employment as reasonably to be regarded as in effect at the place; or where, if not on the employer's premises, he is at or near the place of work and on a road or other way in-

tended by the contract of employment as being the means of access to the work." The last sentence quoted is supported by cases cited in the Notes and extends the rule even beyond that applied in *C. N. O. & T. P. Ry. Co.* v. *Moore,* 148 Tenn., 563. In that case the deceased was in the yards, that is still on the premises, of the defendant, when killed while on his usual way home, after quitting work. In the instant case it is true, as insisted, that the deceased was on the premises of the defendant County, in the broad sense that all of the territory within the County lines is County "premises," but we do not regard this fact as controlling. However, he was at the time of his death, not only in near proximity to the immediate location of his regular employment, but in leaving this particular location he had not passed when injured beyond the territory immediately adjacent, which not only, in the broad sense, was "premises" of the defendant, but was at that time being subjected to construction or repair, which had not so far proceeded as to render passage over it altogether secure; and it further appears that the deceased was to some extent habitually engaged for his employer on the very construction work, the uncompleted condition of which was partially responsible for his death.

In *Tennessee Chem. Co.* v. *Smith,* 145 Tenn., at page 539, Justice McKINNEY quotes approvingly from *In re Ayers,* 66 Ind. App., as follows: "A workman who receives an injury while at a place on, or reasonably near, the premises where he is to work, or at a place to which his employment requires him to go while doing something incident to or connected with his employment, or which is reasonably necessary for, and preparatory to, the beginning of his work, or while doing something reasonably connected with his employment, or incident thereto,

after his actual labors in his employment are completed for the day, or for any particular period, may be allowed compensation for such injury—citing numerous cases."

*(3)* With respect to the question of notice we find abundant evidence to sustain the action of the trial Judge, to whose discretion, by the express terms of the statute, this question is peculiarly addressed. It will be borne in mind that the act provides against compensation unless written notice is given to the employer—"unless reasonable excuse for failure to give such notice is made *to the satisfaction of the tribunal to which the claim for compensation may be presented."* The italics are ours, employed for the purpose of emphasis. There is evidence that actual knowledge of all the necessary details was had by representatives and officers of the County. A member of the County Court was riding in the automobile with the deceased at the time he was killed. A report of the death of the deceased was prepared and sent to the Insurance Company, involved herein as a co-defendant, by the County Chairman. No possible prejudice resulted from the failure to give more formal notice. The Widow, who was unlettered, testifies that she depended upon the Doctor and Mr. Wallin, Chairman of the County Court, to give the matter the necessary attention. Mr. Wallin frankly admits that he was notified at the time and went out and investigated the case, that the deceased was taken to the hospital and cared for until he died, and that he made out and sent to the Insurance Company notice of the accident, which notice the record shows was received about the 30th of April, the accident having occurred about the 15th of that month.

The assignments raising both questions discussed will be overruled and the judgment affirmed.