**ALUMINUM COMPANY OF AMERICA, Appellant,**

v.

**Ronald C. BAKER, Appellee.**

Supreme Court of Tennessee.

Nov. 1, 1976.

J. C. Gamble, M. H. Gamble, Jr., Goddard & Gamble, Maryville, for appellant.

Rom Meares, Joseph H. Nicholson, Maryville, for appellee.

## OPINION

COOPER, Chief Justice.

The Aluminum Company of America (ALCOA) has appealed from a decree of the Law and Equity Court of Blount County awarding Ronald C. Baker workmen's compensation benefits for disability resulting from injuries he sustained in a fall on a company owned and maintained parking lot. No issue is made on appeal as to the nature and extent of appellee's injuries, nor as to the resulting disability. The principal contention of appellant is that appellee's injuries did not arise out of and in the course of his employment. Appellant also contends that appellee did not give the required notice of injury.

Appellee was employed at the North Plant of ALCOA as a "lay-out man" in the Fabricating Machine Shop. The shop is near the exit gate on the north side of the plant. On the day of the accident, appellee worked the day shift, clocked out, bathed in the bath house ALCOA furnishes its employees, and then left the plant by the guard gate leading to the north parking lot where he had left his automobile. While walking through the parking lot toward his automobile, appellee stepped in a hole and fell, injuring his left knee.

Adopting a more strict approach to an employer's liability than the vast majority of courts, this court consistently has limited recovery of workmen's compensation benefits for injuries sustained by an employee while on his way to or from his work station to factual situations showing (1) the process of going to or from work is furnished by the employer or is required by the employer to be done in a certain manner or over a certain way, and (2) this submits the employee to a definite special hazard. See *Potts v. Heil-Quaker Corporation,* Tenn., 482 S.W.2d 135 (1972); *McKinney v. Hardwick Clothes, Inc.,* 217 Tenn. 457, 398 S.W.2d 265 (1966); *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386

(1955); *Smith v. Camel Manufacturing Company,* 192 Tenn. 670, 241 S.W.2d 771 (1951).

■ The questions to be answered in this case then are: First, was the way appellee used to go from his work station to his automobile, a route required by appellant so as to make it a part of the premises of appellant. Second, if so, did the required route submit the employee to a definite special hazard. In answering these questions, it should be noted that "premises" of the appellant includes the part of appellant's property which the appellee is required to use for ingress and egress. *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386 (1955). It should also be noted that:

"The 'required route' rule is not so inflexible as to allow an employer to designate exact geographic limitations to a particular route in order to escape liability for hazards existing a few feet on either side of the given route. Nor is it intended to allow an employer to avoid liability by granting any employee discretion of movement through an area restricted by boundaries. The mere fact the employee had a choice of path within a reasonably defined area, a variance of which may or may not subject him to 'special hazards' is insufficient to take him out of the 'required route' rule." *Potts v. Heil-Quaker Corporation, supra* at 138.

ALCOA's North Plant, where appellee works, is a large facility lying between Cusick Road and Hunt Road in Alcoa. Employees of the company are not required to come to work in any special manner or by a designated form of transportation. While various modes of transportation are used, the majority of ALCOA's employees drive their personal automobiles to the plant and park in one of two company owned and maintained parking lots, as there is no public parking space available closer than two miles on the Cusick Road approach to the plant and one mile on the Hunt Road approach. But, whatever the method of transportation used by an employee to get to the plant, he has to enter over one of two private roads owned and maintained by ALCOA. The private road leading to the north parking lot, which is the one used by employees of the Fabricating Machine Shop, is one-eighth of a mile long and is fenced throughout its length. Each of the private roads terminates in a fenced parking lot provided by ALCOA for hourly paid employees, with spaces unassigned except for those designated for use of visitors to the plant and for use by buses. There are two gates in the fences surrounding the parking lots. The first gate permits entry into the parking lot. The second, which is opposite the entry gate, is a "guard" gate through which everyone entering the plant must pass.

The record further shows that, prior to Mr. Baker's fall, employees of the Fabricating Machine Shop filed formal grievances against the management of ALCOA in an effort to have ALCOA make repairs to the surface of the parking lot and the approach road and that ALCOA answered that "smoothing, with grader, of the graveled parking area and patching of the holes in the black-topped entrance road [were] planned for the near future." There is nothing in the record to indicate that the repairs ever were made to the parking lot.

■ We think the plant location and the concomitant unavailability of public parking areas for ALCOA's employees, the fact that ALCOA built and maintains parking lots for its employees, the location of the parking lots, the restricted access to the parking lots, and the fact that an employee has to pass through the parking lots to gain access to the plant through the guard gate, has the practical effect of making the parking lots a part of the premises of ALCOA which the employees are required to use for ingress and egress. Further, we think the evidence supports the conclusion of the trial judge that the use of the north parking lot subjected appellee to a special hazard known to ALCOA, the very hazard that caused appellee's fall.

■ On the remaining issue, the issue of notice, it is undisputed in the record that within minutes of his fall, appellee called

the ALCOA North Plant medical facility and reported to the nurse on duty that as he left the plant he had injured his left knee in a fall on the north parking lot and was being treated for his injuries by Dr. Peterson. This information was entered by the nurse in the Injury and Illness Record kept by ALCOA on appellee. Later, ALCOA denied appellee's claim for workmen's compensation benefits, but did so on the basis that appellee's accident was not covered under the Workmen's Compensation Act, not on the basis that appellee had failed to give the required notice of injury.

We agree with the trial judge that the above "was sufficient notice to the company of the injury so as not to deprive [appellee] of recovery," especially where, as in this case, there is no *claim* that the giving of oral notice, rather than written notice, prejudiced ALCOA. *Cf. R. W. Hartwell Motor Company v. Hickerson,* 160 Tenn. 513, 26 S.W.2d 153 (1930).

The decree of the trial court is affirmed. Costs incident to the appeal are adjudged against the Aluminum Company of America and its surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.