Nancy Holland WOODS, Appellant,

v.

Frank WARREN, d/b/a Warren House Apartments and United States Fidelity and Guaranty Company, Appellees.

Supreme Court of Tennessee.

March 28, 1977.

Joe P. Binkley, Jr., Nashville, for appellant.

Lawrence E. Levine, Gary A. Brewer, Nashville, for appellees.

## OPINION

HENRY, Justice.

The sole question presented in this Workmen's Compensation action is the correctness of the action of the trial judge in denying benefits pursuant to his finding that appellant was not injured while acting within the course and scope of her employment.

Claimant was employed as a maid in the Warren House Apartments where she also resided.* Her normal *modus operandi* was that she would walk from her apartment to the manager's office or apartment, "clock-in", and pick up a master key, her cleaning supplies, and a list of apartments to be cleaned. Her apartment was at the opposite end of the complex from the manager's office and apartment, which were located adjacent to each other. Normally she walked to her work, but, on occasions, she drove her automobile. No particular route was prescribed.

On the day of the accident she drove her automobile to work because it had been snowing and snow and ice covered the sidewalks. She parked near the office, in a space of her own selection, where she was permitted, but not required, to park. She emerged from her automobile, took a few steps along the icy sidewalk and fell, severely injuring her knee. All this occurred at approximately 8:00 o'clock, a.m. The sidewalk is owned by, and located upon, the premises of the apartment complex. The basic facts are not in dispute.

The only issue on this appeal is the correct principle of law to be applied to these established facts. An adherence to established and controlling Tennessee case law demands that we support the conclusion reached by the Chancellor.

A compensable injury must arise out of and occur in the course of employment. Sec. 50–902(d), T.C.A. The general rule is that an injury sustained en route to or from work is not compensable. *Little v. Johnson City Foundry & Mach. Co.,* 158 Tenn. 102, 11 S.W.2d 690 (1928). Phrasing it another way, generally speaking, an employee is not in a compensable status until he shall have reached his duty station or place of employment. *Travelers Indem. Co. v. Charvis,* 221 Tenn. 593, 428 S.W.2d 797

---

* Residence within the apartment complex was not a condition of employment.

(1968). There are notable exceptions to these rules. For example, the "required route" rule coupled with special or inherent hazards, as set forth in *Charvis* and those cases where the journey itself is a substantial part of the employment undertaking. *Douglas v. Lewis Brothers Bakeries, Inc.,* 477 S.W.2d 202 (Tenn.1972).

The controlling principles of law have gradually emerged and have been clarified in a series of opinions beginning in the early days of the Workmen's Compensation Act.

In *Washington County v. Evans,* 156 Tenn. 197, 299 S.W. 780 (1927), this Court in allowing a recovery to a rock quarry employee en route home after the completion of his day's work, quoted, with approval, the following language from Corpus Juris:

As a general rule accidents which happen to an employee on his way to and from work are not regarded as in the course of his employment, except while he is at or *so near* the place of employment as reasonably to be regarded as in effect at the place; or where, if not on the employer's premises, he is at or *near* the place of work and on a road or other way intended by the contract of employment as being the means of access to the work. (Emphasis supplied). 156 Tenn. at 199–200, 299 S.W. at 781.

Thus, this Court in 1928 adopted, or at least followed, the "so near" or "so close" doctrine.

In *Little v. Johnson City Foundry & Mach. Co.,* 158 Tenn. 102, 11 S.W.2d 690 (1928), the Court declined to extend coverage to an employee who was injured on a public street while en route to work. The Court's action was predicated on the general rule of non-liability in such cases coupled with the fact that the claimant had not reached his employer's premises and voluntarily chose his route of travel. The Court distinguishes *Washington County v. Evans, supra.*

Specifically, the Court said:

If the place at which the injury occurred is brought within the contract of employment by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and has chosen his own place or mode of travel, the injury does not arise out of his employment, nor is it within the scope thereof. 158 Tenn. at 106–7, 11 S.W.2d at 692.

The Court, in *Central Sur. & Ins. Corp. v. Court,* 162 Tenn. 477, 36 S.W.2d 907 (1931) recognized an exception to the general rule in cases where "risks of travel are directly incident to the employment itself." 162 Tenn. at 480, 36 S.W.2d at 908.

In *Free v. Ind. Ins. Co. of N.A.,* 177 Tenn. 287, 145 S.W.2d 1026 (1941), the Court again recognized the "so near" exception to the general rule, but denied benefits to an automobile salesman who slipped on an icy sidewalk en route to his parked automobile near his employer's place of business. It was claimant's intention to go to a grocery store to purchase groceries for his own use and then to visit a prospective purchaser. The Court held that there was a "break" in the course of his employment and that the injury was sustained during that break. Hence, he was not injured during the course or scope of his employment.

In *Smith v. Camel Mfg. Co.,* 192 Tenn. 670, 241 S.W.2d 771 (1951), the factual situation was that the employee, while en route to work, slipped and fell on an icy public sidewalk only a few feet from his employer's doorway. In holding that the accident did not arise out of and in the course of the employment, the Court, without reference to *Washington County v. Evans, supra,* and *Free v. Ind. Ins. Co. of N.A., supra,* specifically rejected the "so close" rule.

In pertinent part the Court then held:

. . . if a process of going to and from is furnished by the employer, or is

*required by the employer to be done in a certain manner or over a certain way,* and this submits the employee to a *definite special hazard,* then in such event such accidents are compensable, the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment ready to begin his activities in the employer's work unless those qualifications last above said are applicable. (Emphasis supplied). 192 Tenn. at 680, 241 S.W.2d at 775.

Subsequent cases have accepted this as a correct current statement of the law in this jurisdiction. This rule, however, does not precisely fit a situation where the employee is already on the premises of the employer but has not reached his particular post of duty.

The landmark case of *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386 (1955), partially answers this question. There the employee was injured when she tripped and fell in a parking lot maintained by her employer for the use and convenience of its employees. The employee was permitted, but not required, to use the parking lot. Recovery was denied.

After noting that "the mere fact that the employee is on the premises or property owned by the employer at the time the employee is injured, is not determinative", the Court defined "premises" as being

the part of the property where the employee is to do his work, including that part which he is *required* to use for ingress and egress. (Emphasis supplied). 198 Tenn. at 7, 277 S.W.2d at 388.

In the instant case claimant also had other parking lots she could have used and, therefore, several other routes she might have taken. She chose her own parking place and selected her own route.

In *McKinney v. Hardwick Clothes,* 217 Tenn. 457, 398 S.W.2d 265 (1965), the claimant was injured when she slipped and fell in a parking lot owned by the employer and operated for the benefit of its employees. The Court denied coverage. The factual situation, as presented by the late Chancel-

lor Glenn W. Woodlee, whose opinion the Court adopted, was as follows:

The question therefore, is whether or not an employee is entitled to compensation for injury on the premises of the employer before she had started her day's work and while she was walking to that part of the premises where she is required to be for her work, following a route which she chose, but was not required to take, in going from her automobile which was parked on premises of the employer where she was permitted, but not required, to park and when the use of the automobile was for her own convenience. 217 Tenn. at 463, 398 S.W.2d at 267.

This case is closely analogous to the case at bar. The Court held that the injury did not arise out of and in the course of the employment.

This whole area of the compensation law was further clarified in *Travelers Indemnity Co. v. Charvis,* 221 Tenn. 593, 428 S.W.2d 797 (1968). There the petitioner was injured while en route to work, in a hallway adjacent to the cafeteria in which she was employed. The Court, relying upon *Camel Mfg. Co.* and *Bennett, supra,* held, in effect that the use of a required route is not sufficient, but the "usage of the route must also subject the employee to a special or inherent hazard of that route." 221 Tenn. at 599, 428 S.W.2d at 800.

*Charvis* all but seals the doom of the claimant in this case. She simply does not meet the dual standard announced in this case. And under this case, as well as *Bennett, supra,* the fact that she was on the premises owned by the employer at the time of the injury is not determinative.

This Court, as presently constituted, in *Tri–City Towel & Linen Service v. Cope,* 529 S.W.2d 51 (Tenn.1975), reversed an award to an employee who fell in a public alley while returning to work after lunch, holding that the injury occurred while she was performing no service for her employer.

Lastly, in *Aluminum Company of America v. Baker,* 542 S.W.2d 819 (Tenn.1976), the

employee was injured when he stepped in a hole in a company owned and maintained parking lot.

At the threshold of our consideration, we said:

Adopting a more strict approach to an employer's liability than the vast majority of courts, this court consistently has limited recovery of workmen's compensation benefits for injuries sustained by an employee while on his way to or from his work station to factual situations showing (1) the process of going to or from work is furnished by the employer or is *required* by the employer to be done in a certain manner or *over a certain way,* and (2) this submits the employee to a *definite special hazard.* (Emphasis supplied). (citing *McKinney, Bennett* and *Camel Mfg. Co., supra*). 542 S.W.2d at 820.

The questions, as posed by the Court in *Aluminum Company of America,* are precisely the same as presented in the instant case: (1) Was the route used one required by the employer and (2) if so, did it subject the employee to a definite special hazard. We recognized in *Aluminum Company of America* that the "premises" included "the part of appellant's property which the appellee is required to use for ingress and egress." 542 S.W.2d at 821.

We held the parking lot to be a part of the premises which employees are required to use for ingress and egress and that the use of the required route subjected the employee "to a special hazard known to AL-COA, the very hazard that caused appellee's fall." 542 S.W.2d at 821.

■ Harmonizing these authorities the rule emerges that in order to avoid the application of the general rule of nonliability for an injury sustained en route to or from work, the employee must show that:

a. at the time of the injury he was using a route required or furnished by the employer; *Charvis, supra,* and such route was on the premises of the employer, *Little, Camel Mfg. Co., Aluminum Co. of North America, supra,* and

b. the use of the required route subjects the employee to a definite special hazard. *Camel Mfg. Co., Charvis, Aluminum Co. of North America, supra,* or

c. that the risks of travel are directly incident to the employment itself. *Central Sur. & Ins. Corp., Douglas, supra.*

■ All of this is qualified by the fact that the "premises" are that part of the property where the employee actually works or which he is required to use for ingress and egress. *Bennett,* and *McKinney, supra.*

■ When we apply these rules to the instant case wherein the employee was unquestionably on the premises of her employer, we must reluctantly hold that there was no coverage under the act. She was not pursuing a required route, but was on a way of her own selection.

Assuming *arguendo* that the employee was, in effect, on a required route, coverage would not attach in view of the fact that her injury was not attributable to a definite *special* hazard. It is to be borne in mind that the phrase "rising out of employment" refers to "the origin of the injury", while "in the course of employment" refers to "time, place and circumstances" of the injury. *Knox v. Batson,* 217 Tenn. 620, 399 S.W.2d 765 (1966).

It takes a combination of these criteria to establish coverage under the act. Sec. 50-902, T.C.A. Therefore, the fact that the injury arises in the course of employment, standing alone, is insufficient. It must also rise out of the employment.

The oft-cited case of *Jackson v. Clark & Fay, Inc.,* 197 Tenn. 135, 270 S.W.2d 389 (1954) makes it clear that an injury "purely coincidental, or contemporaneous, or collateral, with the employment", does not arise out of the employment unless "the causative danger [is] peculiar to the work and not common to the neighborhood." 197 Tenn. at 137, 270 S.W.2d at 390.

Further the *Jackson* Court held:

Acts of God are held compensable when the employee, by reason of his employment, is subjected to a hazard from some act of God not common to the general public, but peculiar to the nature of the employment and to the conditions under which that employment is required to be performed. 197 Tenn. at 141, 270 S.W.2d at 392.

The rule, as phrased in *Knox, supra,* and quoted with approval in *Hill v. St. Paul Fire and Marine Insurance Co.,* 512 S.W.2d 560 (Tenn.1974) is as follows:

Injury or death of an employee from an exposure which is no more or different of [sic] any other member of the public similarly situated in place and time is not compensable. 512 S.W.2d at 563.

See also, 82 Am.Jur.2d, Workmen's Compensation, Sec. 327.

We cannot in good conscience hold that general snowy and icy conditions were definite special hazards of employment in this case. We must hold that these conditions were common to the general public and not peculiar to the nature of the employment or to the conditions under which that employment was required to be performed.

The judgment of the trial judge is

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concurring.