Adele FRAZIER, Appellant,

v.

NORMAK INTERNATIONAL and
Chubb/Pacific Indemnity
Group, Appellees.

Supreme Court of Tennessee.

Oct. 30, 1978.

W. Conway Garlington, James W. Justice, Knoxville, for appellant.

Jerry A. Farmer, Knoxville, for appellees.

BROCK, Justice.

This is a workmen's compensation case. The employee, Adele Frazier, appeals from a judgment rendered in favor of her employer, Normak International, and its insurer, Chubb/Pacific Indemnity Group. The trial court held that the injuries arose in the course of employment but did not arise out of the employment and that the employee was not subjected to any definite special hazard on the route to work. The questions to be answered on appeal are: (1) whether the injuries arose out of the employment and (2) whether Mrs. Frazier was subjected to any definite special hazard. We answer both in the affirmative.

Mrs. Frazier slipped and fell on a sheet of ice, striking her back and head, as she was going to work on January 26, 1977. The weather had been bad for several days; there was ice on the ground and it was snowing. Mrs. Frazier arrived at the Normak plant at approximately 6:00 a. m. with her husband who was also employed by Normak. Mrs. Frazier's shift actually began at 7:00 a. m. but her husband had to report at 6:00 a. m., so she went to work with him. Mrs. Frazier, with her supervisor's permission, usually began work or cleaned her machine between 6:00–6:30 a. m.

The Normak plant, which is located in Knoxville, has four entrances, two on 17th Street and two on an alley which runs between the buildings in the warehouse complex. The alley is closed to the general public, but is used by three other companies for shipping and receiving. A gate which leads to the alley is locked nightly and reopened each morning for employees to enter. Mrs. Frazier had walked through the gate and was headed toward the building in which she worked when she fell. The gate was the only means of access to the building at the time Mrs. Frazier arrived.

■ The general rule is that injuries sustained en route to work are not compensable because they do not arise out of and in the course of employment. *Woods v. Warren*, Tenn., 548 S.W.2d 651 (1977); *Little v. Johnson City Foundry & Machine Co.*, 158 Tenn. 102, 11 S.W.2d 690 (1928). Mrs. Frazier was going to work at the time of her fall; therefore, in order to be eligible for compensation benefits she must come within one of the recognized "exceptions to the general rule." We hold that she meets the criteria of the "required route, special hazard" exception. *Travelers Indemnity Company v. Charvis*, 221 Tenn. 593, 428 S.W.2d 797 (1968). In *Woods v. Warren, supra*, the Court stated:

". . . that in order to avoid the application of the general rule of nonliability for an injury sustained en route to or from work, the employee must show that:

"a. at the time of the injury he was using a route required or furnished by the employer; . . ., and such route was on the premises of the employer, . . . [citations omitted], and

"b. the use of the required route subjects the employee to a definite special hazard. [citations omitted], or

"c. that the risks of travel are directly incident to the employment itself. [Citations omitted.]" 548 S.W.2d at 655.

In *Woods, supra*, the appellant was employed as a maid in the apartment complex in which she lived. On the morning of her accident, it was snowing and the ground was icy. As she got out of her car to go to work, she slipped and fell on the parking lot, injuring her knee. The trial court denied recovery; this Court affirmed.

The facts of the case at bar are distinguishable from those of *Woods*. The employee in *Woods* was attempting to cross a parking lot which was open to and used by the general public. This Court has consistently upheld the denial of compensation when injuries are sustained on a public thoroughfare while traveling to or from work. *Free v. Indemnity Insurance Co. of North America*, 177 Tenn. 287, 145 S.W.2d 1026 (1941), an employee slipped and fell on a public sidewalk near the employer's place of business as he was leaving; *Smith v. Camel Mfg. Co.*, 192 Tenn. 670, 241 S.W.2d 771 (1951), employee going to work slipped and fell on icy public sidewalk at entrance to the employer's business; *Tri City Towel and Linen Service v. Cope*, Tenn., 529 S.W.2d 51 (1975), employee fell in public alley outside employer's place of business as she was returning from lunch. The rationale behind these decisions is that there is no hazard peculiar to the employment; thus, the injuries did not arise out of the employment.

■ Mrs. Frazier was on Normak's premises when she fell, not on a public way. The premises of an employer ". . . under our compensation statute means that part of the property where the employee is to do his work, including that part which he is required to use for ingress and egress." *Bennett v. Vanderbilt University*, 198 Tenn. 1, 277 S.W.2d 386, 388 (1955).

■ Normak argues that the premises are leased from H. D. Wynn and that the alley is also used by three other companies. It is not important to this claim for compensation that the premises were leased. In *Mallette v. Mercury Outboard and Supply Co.*, 204 Tenn. 438, 321 S.W.2d 816 (1959), Mercury Outboard leased space from the Memphis Park Commission. An employee fell on steps constructed by the Park Commission for Mercury's use. This Court allowed compensation and quoted with approval the following excerpt from 99 C.J.S. *Workmen's Compensation* § 231 (1958):

". . . where employee must traverse property of employer or of employer's landlord to reach or leave work, such

extrance [sic] or exit, whether or not located on property under control of employer, is part of employer's premises for compensation purposes." 321 S.W.2d at 819.

Normak had not expressly advised its employees to use a specific route or entrance to reach the plant, but its normal practice was to open only the gate leading to the alley for employees reporting at 6:00 a. m. and those authorized to begin work early for the 7:00 a. m. shift. The entrances on 17th Street were not open to employees arriving early. Even though the alley was used by the other three companies, the president of Normak was not sure that their employees used entrances off the alley. Employees such as Mrs. Frazier were required to use the entrances off the alley. Under the facts, the alley was a required route for compensation purposes. *See Aluminum Co. of America v. Baker*, Tenn., 542 S.W.2d 819 (1976).

■ We must now address the question whether Mrs. Frazier was exposed to a definite special hazard. As is noted above, the hazard must be one to which the general public is not exposed. Normak urges us to follow the conclusion reached in *Woods v. Warren, supra*, that general snowy and icy conditions are not definite special hazards of employment. *Woods* is not controlling here, the icy condition was not a general one, the hazard created by the ice on the alley was peculiar to the personnel of Normak and the companies which used the alley. The general public is not allowed to enter the alley and even though three other companies used the alley, it is a part of Normak's premises for compensation purposes. *Mallette, supra*.

Normak was aware of the icy condition and its president knew that other employees had fallen. It had even salted the alley on prior occasions due to the hazardous conditions created by the weather.

In *Potts v. Heil-Quaker Corp.*, Tenn., 482 S.W.2d 135 (1972), an employee slipped and fell on a film of oil which had accumulated on his employer's premises. The oil was

held to be a definite special hazard within the meaning of our case law. Similarly here the ice on the alley was a definite special hazard known to Normak. Access to the alley was restricted and employees arriving early were required to use entrances off the alley. Mrs. Frazier usually arrived early and began work with company approval.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.