Henry & McCord, Edward C. Martin, Tullahoma, for appellant.

Daniel D. Finch, Finch, McBroom & Porter, Nashville, for appellees.

:

**Mildred Marie HARPER, Appellant,**

v.

**DAUN RAY CASUALS, INC. and Royal Globe Insurance Company, Appellees.**

Supreme Court of Tennessee.

March 31, 1980.

## OPINION

FRANK F. DROWOTA, III, Special Justice.

The sole issue in this worker's compensation case is whether the trial court was correct in finding that injuries sustained by appellant Mildred Marie Harper did not occur while she was using a route required or furnished by her employer and that they did not therefore arise out of and in the course of her employment.

The injury in this case took place on February 22, 1978. Ms. Harper filed her complaint on October 17, 1978, in the Coffee County Circuit Court at Manchester and trial was had on May 23, 1979. Defendant/appellees moved for a dismissal of appellant's action at the close of her proof and presented no further evidence in the case. On June 29, 1979, the trial court entered a

memorandum opinion and order dismissing appellant's complaint. Appellant Harper appeals from this judgment.

At the time of her injury appellant was employed by appellee Daun-Ray Casuals as a sewing machine operator. On the morning of February 22, 1978, at approximately 6:30 a. m. appellant arrived at her place of employment and parked her car in the area of the lot adjoining appellee's plant which was designated for use by employees other than managerial employees. This area was to the side of appellee's building. Appellant then walked toward a door on the side of the building. There were several days' accumulations of snow and ice both in the lot and on the porch to the door appellant approached. As she stepped up onto the porch, appellant fell on her back. She subsequently discovered upon going to a doctor that she had injured her spine.

Appellant concedes that generally, under the law governing worker's compensation, employees injured while en route to or from work are not entitled to benefits, the rationale being that during these times no service is being provided for the employer, and therefore such injuries cannot be said to arise out of and in the course of employment, the test for compensable injuries under T.C.A. §§ 50–902(d) and 50–903. Appellant however argues that she falls under an exception to this general rule.

The exception to which appellant refers was articulated by this Court in the case of *Woods v. Warren*, 548 S.W.2d 651, 655 (Tenn.1977), as follows:

. . . in order to avoid the application of the general rule of nonliability for an injury sustained en route to or from work, the employee must show that:

a. at the time of the injury he was using a route required or furnished by the employer; and such route was on the premises of the employer, and

b. the use of the required route subjects the employee to a definite special hazard, or

c. that the risks of travel are directly incident to the employment itself.

All of this is qualified by the fact that the "premises" are that part of the property where the employee actually works or which he is required to use for ingress and egress. (Citations omitted.)

The trial court in its memorandum opinion and order referred to this standard and then went on to state:

In this case the Court is of the opinion that the plaintiff cannot recover because she has not satisfied the first part of the first requirement, i. e., she has not shown by the preponderance of the evidence that she was using a route *required or furnished* by the employer.

The Court is of the opinion that the credible proof in this case establishes that the entrance which the plaintiff was about to use in going to her work was not furnished or required to be used by her by the employer and as a matter of fact to the contrary the employer furnished and required that an entirely different door be used by employees.

Accordingly, it is the finding of the Court that any alleged injuries sustained by the plaintiff on February 22, 1978 did not arise out of and in the course of plaintiff's employment.

The standard of review for this Court in worker's compensation cases, regarding issues of fact as opposed to issues of law or of law and fact mixed, is whether there is "any material evidence" to support the trial court's findings of fact; "even if this court thinks the evidence points otherwise, the trial court must be affirmed" (as to its findings of fact) if this standard is met. *See Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572, 574 (Tenn.1977). Furthermore, credibility of witnesses is a matter also to be determined in the trial court, and findings thereon will not be disturbed unless there is an obvious abuse of discretion. *See Inscore v. Pet Milk Co.*, 192 Tenn. 593, 241 S.W.2d 581, 582 (Tenn.1951).

The proof in this case on the issue of whether appellant was using a "required or furnished" route included several statements by appellee's manager, Jack Anthony, that the only purpose for the side door

which appellant approached as she fell was for shipping and receiving, that it was not intended for use by employees, and indeed that employees such as appellant were authorized to use only one door, which was located at the front of appellee's premises. Mr. Anthony admitted that he did not recall ever telling the employees not to use the side door, but explained that no one had a key to the door, and that it remained locked at all times and could only be opened from the inside. Mr. Anthony also stated that the door was never in fact used other than for shipping and receiving, but admitted later in his testimony that it was used by employees at break time when a sandwich truck would drive up to the door, and that it was used by employees leaving late from work.

Appellant and three other witnesses who were employees of appellee all testified that many employees used the side door to go into work in the morning. Apparently, the person wanting in would knock on the door and the door would then be opened by someone from inside. Appellant explained that the side door was closer to the employees parking area, and that on the morning of her injury, there was less snow and ice on the porch to the side door than on the sidewalk fronting the front door.

We find that the statements by Mr. Anthony that the front door was the only door intended for use by employees, and the fact, which was admitted by all parties, that the side door was locked at all times, constitute material evidence which supports the factual finding of the trial court that "the employer furnished and required that an entirely different door (than the side door) be used by employees."

We further find that this finding of fact, taken together with all the other circumstances herein described, adequately supports the trial court's legal conclusions that appellant was not at the time of her injury using a route required or furnished by her employer, and that her injuries did not therefore arise out of and in the course of her employment. As Justice Henry stated in regard to the injured employee in the case of *Woods v. Warren, supra* at 655, appellant here "was not pursuing a required route, but was on a way of her own selection."

Appellant not having met the "required route" requirement of the rule stated in *Woods*, it necessarily follows that she has not satisfied the test under worker's compensation law which, as we have hereinabove indicated, requires that her injury arise out of and in the course of her employment. The judgment of the trial court is therefore affirmed.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.