**Jack L. DREW, Plaintiff-Appellee,**

v.

**The TAPPAN COMPANY and Aetna Life and Casualty Insurance Company, Defendants-Appellants.**

Supreme Court of Tennessee.

March 8, 1982.

W. A. Moody, Nashville, for defendants-appellants.

Joe K. Walker and Clyde W. Richert, III, Springfield, for plaintiff-appellee.

OPINION

DROWOTA, Justice.

The sole question raised in this worker's compensation appeal is whether the employee's injury arose out of and in the course of his employment. The trial court held that it did and allowed recovery. The employer and its insurance carrier have appealed.

The facts of the case are not in dispute. Appellee, Jack Drew, at the time of the accident was an employee of the defendant, Tappan Company. The defendant had inadequate parking on company premises, and the one parking lot provided was undergoing repair work at the time of the injury. There was a gravel road that ran behind the Tappan plant, where many of the employees parked. There was a path worn across the defendant's property, from the door of the plant to the shoulder of the road.

On the date of the accident the appellee had parked his car on the gravel road. He was working the night shift starting at 10:30 P.M. and terminating at 7:00 A.M. At 2:30 A.M. everyone in his department had a lunch break. Most of the employees carried their lunch, although there were vending machines with sandwiches and cokes on the premises. During the lunch break the appellee and other employees would get their lunches and eat them on the loading dock. Appellee was going to his car to get his lunch when he slipped at the top of the bank going down the path. He was on Tappan property when he was injured. Appellee had not clocked out during this lunch break, as that is done only when an employee actually leaves the Tappan premises to go eat.

The defendants have cited as authority and rely upon the case of *Woods v. Warren*, 548 S.W.2d 651 (Tenn.1977), in which the Court stated that:

A compensable injury must arise out of and in the course of employment. Sec. 50–902(d), T.C.A. The general rule is that an injury sustained en route to or from work is not compensable.... Phrasing it another way, generally speak-

ing, an employee is not in a compensable status until he shall have reached his duty station or place of employment.... There are notable exceptions to these rules. For example, the "required route" rule coupled with special or inherent hazards,.... [citations omitted]

548 S.W.2d at 652 and 653.

In *Woods, supra,* after citing *Smith v. Camel Mfg. Co.,* 192 Tenn. 670, 241 S.W.2d 771 (1951); *Bennett v. Vanderbilt University,* 198 Tenn. 1, 277 S.W.2d 386 (1955); *McKinney v. Hardwick Clothes,* 217 Tenn. 457, 398 S.W.2d 265 (1965); and *Aluminum Company of America v. Baker,* 542 S.W.2d 819 (Tenn.1976); the Court held that after:

Harmonizing these authorities the rule emerges that in order to avoid the application of the general rule of nonliability for an injury sustained en route to or from work, the employee must show that:

a. at the time of the injury he was using a route required or furnished by the employer; ... and such route was on the premises of the employer, ... and

b. the use of the required route subjects the employee to a definite special hazard.... or

c. that the risks of travel are directly incident to the employment itself. [citations omitted]

548 S.W.2d at 655.

*Woods* and the cases cited therein deal with an employee injured while en route to work, one who has not yet started a "day's work." This line of cases was followed in the recent case of *Harper v. Daun Ray Casuals, Inc.,* 596 S.W.2d 822 (Tenn.1980), in which this Court followed the three pronged test outlined in *Woods.* Recovery was denied in *Harper* because the employee failed to meet the required route requirement.

*Woods, Harper, Aluminium Company of America, McKinney, Bennett* and *Camel Mfg. Co., supra,* are all distinguishable from the facts of this case. In this case the employee was not en route to work, but had started work, was on a lunch break, and was injured on the premises. This case falls within the line of cases which could be described as the "on premises-lunch break" cases. *See: Wellington v. John Morrell & Co.,* 619 S.W.2d 116 (Tenn.1981); *Hankins v. Camel Mfg. Co.,* 492 S.W.2d 212 (Tenn. 1973); *Kingsport Silk Mills v. Cox,* 161 Tenn. 470, 33 S.W.2d 90 (1930) and *Johnson Coffee Co. v. McDonald,* 143 Tenn. 505, 226 S.W. 215 (1920).

In *Johnson Coffee Co., supra,* the Court in discussing subsection (d), section 2 of Chapter 123, Acts of 1919 [now T.C.A. § 50–902(a)(4)] stated:

... the cases arising under workmen's compensation laws are practically unanimous in holding that injuries received by employees while in the act of leaving, or preparing to leave, the place of employment to get lunch or refreshment, or while eating lunches on the premises, as allowed by the employer, arise out of and in the course of employment. [citations omitted]

143 Tenn. at 510, 226 S.W. 215.

The Court then quotes from Bradbury's Workmen's Compensation (3 Ed.): "Where an employer provides a place for his employees to eat, or directs or permits them to go to a place for that purpose, he owes to them the same duty of protection from danger there that he does at the place where such employees work." 143 Tenn. at 511, 226 S.W. 215.

Where the employee is injured on the employer's premises during a break period provided by the employer, such an injury is generally compensable, and the required route-special hazard rules do not apply. *See, Wellington, Hankins, Kingsport Silk Mills* and *Johnson Coffee Co., supra.*

The defendant cites *Pacific Employers Ins. Co. v. Booker,* 553 S.W.2d 586 (Tenn. 1977), as a lunch break case holding no liability, however in that case the employee had left the place of employment and was injured while she was on her way to eat lunch and she was not "on the premises" when she was injured.

We find material evidence to support the conclusion of the trial court that the injury

was covered by the Workers' Compensation Act and that appellee's injury did arise out of and in the course of his employment. The judgment is accordingly affirmed and the cause remanded for enforcement of the judgment and any further orders which may be necessary. The costs of this appeal are taxed to the appellants.

Affirmed and remanded.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.