**Mrs. Essie JONES, Plaintiff-Appellant,**

v.

**RIDGEWOOD HEALTH CARE CENTER, INC., Defendant-Appellee.**

Supreme Court of Tennessee, at Jackson.

May 2, 1983.

L.L. Harrell, Jr., Trenton, for plaintiff-appellant.

Fred Collins, Milan, for defendant-appellee.

## OPINION

DROWOTA, Justice.

The sole issue raised in this worker's compensation appeal is whether the employee's injury arose out of and in the course of her employment. The trial court found that the injuries sustained by Appellant, Mrs. Essie Jones, did not occur while she was using a route required by her employer and that her injuries did not, therefore, arise out of and in the course of her employment. Appellant appeals from the dismissal of her claim.

Appellant, at the time of the accident, was employed as a licensed practical nurse at a nursing home owned and operated by the Defendant, Ridgewood Health Care Center, Inc. Mrs. Jones worked the 11:00 P.M. to 7:00 A.M. shift. On the morning of January 30, 1981, at approximately 7:00 A.M., she clocked out and exited Defendant's building by the cafeteria door which was located closest to the time clock. As she was walking to her car, which was parked in the rear parking lot, she slipped and fell on some ice which had accumulated on the sidewalk, and was injured. Icy conditions prevailed throughout the area that day.

The Defendant maintained two parking lots, one at the rear of the building and one at the front of the building. Both parking lots were for the use and convenience of employees and guests.

There was conflicting testimony as to whether or not employees were told to enter and exit Defendant's building through the rear cafeteria door and to park their cars in the rear parking lot. Plaintiff and her witnesses testified that they were specifically instructed to park in the rear lot and to use the rear door closest to the cafeteria. The Defendant's director of nurses testified that there was no requirement that the employees park in any particular lot or that the staff enter or leave by any particular door. Three other defense witnesses stated that they were never told where to park or which door to use in entering or exiting the building.

Generally, under the law governing worker's compensation, employees injured while en route to or from work are not entitled to benefits, the rationale being that during these times no service is being provided for the employer, and, therefore, such injuries cannot be said to arise out of and in the course of employment, the test for compensable injuries under T.C.A. §§ 50–902(d) and 50–903. *Harper v. Daun Ray Casuals, Inc.*, 596 S.W.2d 822, 823 (Tenn.1980). There are certain well-recognized exceptions to this rule, and these have been discussed and delineated in great detail in numerous decisions, both reported and unreported. One of the more recent decisions of this Court which articulates the exception to the general rule is *Woods v. Warren*, 548 S.W.2d 651 (Tenn.1977), which states:

> . . . in order to avoid the application of the general rule of non-liability for an injury sustained en route to or from work, the employee must show that:
>
> a. At the time of the injury he was using a route required or furnished by the employer; and such route was on the premises of the employer and

b. The use of the required route subjects the employee to a definite special hazard, or

c. That the risks of travel are directly incident to the employment itself.

All of this is qualified by the fact that the "premises" are that part of the property where the employee actually works or which he is required to use for ingress and egress. (Citations omitted.)

548 S.W.2d at 655.

Appellant contends "that she was parked in a lot which had been designated by her employer to her as being a required parking area, and further, that she had been instructed both to enter and exit from one door which is located in the cafeteria near the time clock, and being at the rear of the building." She thus avers that she was using a required route which subjected her to a definite special hazard.

█ The issue in this case, as in most cases dealing with the required route and special hazard, is in the final analysis factual rather than legal. It must be remembered that we review the decisions of the trial courts in workers' compensation cases under a material evidence rule, T.C.A. § 50–1018. Therefore, if there is material evidence to support the factual conclusions reached by the trial judge, we must affirm as to those issues.

The trial judge found:

"That the Plaintiff was not required to use either parking lot, nor was she required to enter and/or exit by any prescribed door or route. There were several doors used by employees to enter and exit the premises.

That the Plaintiff, when injured, was following a route she chose, but was not required to take, in going to her automobile which was parked on the rear lot where she was permitted, but not required, to park."

Based upon these findings of fact, the trial judge concluded: "[t]hat the Plaintiff was not injured by accident arising out of and in the course and scope of her employment by the Defendant."

█ There was sharply conflicting testimony by employees and former employees concerning whether they were instructed to park in the rear lot and use the rear door. We do not judge the credibility of witnesses; we are to determine whether there is material evidence to support the factual findings of the trial judge. There is ample material evidence in this record to support the conclusion of the trial court that Plaintiff's injury did not arise out of and in the course of her employment.

In conclusion, Appellant asks this Court to review our previous holdings which have limited recovery and to expand and broaden the area in which compensation is allowable "so as to allow any employee upon premises owned or controlled by the employer to recover for injuries sustained by said employee coming and going from work." A similar argument was made and recently rejected in *Tutor v. Sears, Roebuck & Company,* released December 6, 1982, (not designated for publication) in which we stated: "[f]or many years this Court has recognized that the rule which it adopted long ago is somewhat more restrictive than that in other states, although almost every other state has difficulty in drawing a satisfactory line between injuries which are covered and those which are not." In *Tutor,* the employee was injured on a public escalator in the store. We held she was not injured because of any definite or special hazard peculiar to employees but was injured when a member of the public, using a common facility, fell against her and caused her to lose her balance. She had not yet clocked in and reached her work station at the time she was injured, and was not in any way in the furtherance of her employer's business; therefore recovery was denied.

In the present case, Appellant had clocked out, left her work station, and was en route from work at the time she was injured. Her injury occurred on a parking lot open to and used by employees and guests alike, and was not a restricted area for the exclusive use of employees, nor were employees required to use it. There was no special route or means of ingress and egress

furnished or required by the employer for those employees who did use the parking facilities. The condition causing her fall was no more of a special hazard than was the ice and snow upon which the employee in *Woods v. Warren, supra,* was injured. The inclement weather conditions did not present a special hazard unique to employees.

The judgment of the trial court dismissing the claim for workers' compensation benefits is affirmed at the cost of Appellant.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.