**Charlie DUKE, Appellant,**

v.

**ITT TELECOMMUNICATIONS CORPORATION, Appellee.**

Supreme Court of Tennessee.

Aug. 22, 1983.

Nathan J. Dearing and Charles S. Kelly, Dyersburg, for appellant.

Jerry D. Kizer, Jr., Menzies, Rainey, Kizer & Alderson, Jackson, for appellee.

## OPINION

FONES, Chief Justice.

The sole determinative issue in this worker's compensation appeal is whether the trial judge erred in dismissing plaintiff's suit for failure to give notice of injury as required by T.C.A. § 50–6–201.

Plaintiff sought worker's compensation benefits as the result of back injuries allegedly incurred on October 14, 1980, while doing some lifting during the course and scope of his employment with defendant, I.T.T. Plaintiff has appealed the dismissal of his suit on the theory that his wife had actually notified his supervisor by telephone on October 17, 1980, of his on-the-job injury. There was testimony at trial, however, that on November 6, 1980, in response to a notice of termination because of an unexcused absence from work, plaintiff went to defendant's plant and told both an assistant personnel director and his supervisor that the reason he had not returned to work since October 15, 1980, was that he had injured his back while working for defendant some time between September 29 and October 3, 1980, and *not* October 14, 1980.

■ This Court does not judge the credibility of witnesses in worker's compensation appeals; we are to determine whether there is any material evidence to support the factual findings of the trial judge. *Jones v. Ridgewood Health Care Center, Inc.,* 650 S.W.2d 375, 377 (Tenn.1983). We believe that the testimony of both the assistant personnel director and plaintiff's supervisor provides ample material evidence to support the trial judge's finding that defendant was not notified of plaintiff's back injury within the required thirty days after the occurrence of the injury.

■ Plaintiff's alternate contention that defendant had received actual notice of his injury on October 22, 1980, is also without merit. Plaintiff points out that it was on this date that a plant nurse employed by defendant called plaintiff's sister who informed the plant nurse that the reason plaintiff had not returned to work since October 15, 1980, was because plaintiff was "in a bad shape with his back." We have held that an employee who relies upon alleged actual knowledge of the employer must prove that the employer had actual knowledge of the time, place, nature, and cause of the injury. *Masters v. Industrial Garments Manufacturing Co.,* 595 S.W.2d 811, 815 (Tenn.1980). We do not believe that this communication between plaintiff's sister and the plant nurse was such a communication reasonably to convey the idea to defendant that plaintiff suffered an injury arising out of and in the course of his employment so as to impute to defendant the required actual knowledge to satisfy the notice statute. *Id.* at 816.

The judgment of the Law and Equity Court of Gibson County is affirmed. Defendant's motion for a frivolous appeal penalty is denied. Costs are adjudged against plaintiff, Charlie Duke.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.