**FILED**

**January 29, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:50 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Robert Dennis, Jr. | ) Docket No. 2015-01-0184 |
| | ) |
| v. | ) |
| | ) State File No. 43330-2015 |
| Polymer Components | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Remanded – Filed January 29, 2016

---

The employee in this interlocutory appeal was injured on the employer's premises when he stepped into a hole and fell while walking to his vehicle during a break. The employer initially provided medical benefits, but later denied the claim, asserting the injury did not arise primarily out of and in the course and scope of the employment. Following an expedited hearing, the trial court concluded that the employee presented sufficient evidence from which the court could determine he would likely prevail at a hearing on the merits and ordered that medical benefits be provided. The employer has appealed. The lack of a complete record precludes us from addressing the merits of the appeal. Accordingly, we affirm the result reached by the trial court and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Timothy W. Conner and Judge Marshall L. Davidson, III, joined.

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Polymer Components

Robert Dennis, Jr., Benton, Tennessee, pro se

### Factual and Procedural Background

Robert Dennis, Jr. ("Employee"), a resident of Polk County, Tennessee, was hired by Polymer Components ("Employer") in May 2014. The parties stipulated that on June

3, 2015, he sustained an injury while on Employer's premises during a break. No transcript of the proceedings in the trial court or statement of the evidence has been provided in this appeal. Accordingly, we have gleaned the facts from the trial court's expedited hearing order and the exhibits introduced at the expedited hearing.

On June 3, 2015, Employee took a routine break at approximately 9:15 a.m. He stepped outside of the building where he worked, but rather than use the steps and walkway leading to the parking lot, he walked across the grass toward his truck to "vape"[1] because it was a more direct path to reach his truck. While walking through the grass he stepped in a hole and fell, injuring his right knee, right shoulder, and chest. Two co-workers assisted him to a co-worker's vehicle, and he was transported to Starr Regional Medical Center in Etowah, Tennessee, where he was seen by Dr. David Childress.

Employee was diagnosed as having a right knee sprain, a right shoulder sprain, and a chest wall contusion. He was instructed to use crutches as needed and to follow-up with "Occupational Health for return to regular duty work." The medical center's records indicate that Employee was prescribed ibuprofen and that he was taking Levaquin for lower extremity cellulitis. Employee acknowledged he had previously sought treatment for arthritis in his right knee. He testified he was unable to walk the morning after the accident. He spoke with Employer's Safety Director the day after the incident and asked to see a doctor. The Safety Director authorized Employee to go to Doctors Express, a walk-in clinic, for follow-up medical care.

On June 4, 2015, Employee was seen by Dr. Victoria Folsom at Doctors Express. He gave a history of having "[t]ripped in a hole at work while going to his truck about 9:30 yesterday a.m.," and he reported he "landed on a cross-tie with impact to the right upper chest wall." The report of Employee's visit states that Employee could not bear weight on his right knee; that he had difficulty raising his right arm above his head; and that he experienced pain with breathing. The June 4, 2015 report also notes that Employee was taking Levaquin for right leg cellulitis. Dr. Folsom took Employee out of work and ordered a right knee MRI study. She discussed her treatment plan for Employee with Employer's plant manager, Loren Holden. Following Dr. Folsom's review of the right knee MRI, she wrote the following on the MRI report: "Torn lateral meniscus, possible medial too. Diagnostic changes of the right knee large amount of fluid. Refer to ortho."

On June 5, 2015, Dr. Folsom spoke with Employer's plant manager and recommended an orthopedic referral for Employee's knee injury. A June 5, 2015 medical note states that the plant manager indicated she would contact the insurance company to determine the physician to whom referral should be made. On the same day,

---

[1] "Vape" and "vaping" are terms commonly used to denote inhaling vapor from an electronic cigarette.

Employee returned to Doctors Express for follow-up and was advised by Dr. Folsom of the diagnosis of a meniscal tear and the orthopedic referral.

Employee was subsequently provided a panel of physicians from which he selected Dr. Chad Smalley, an orthopedic surgeon, to be his authorized treating physician. Employer scheduled an appointment for Employee to be seen by Dr. Smalley, but due to Employer's subsequent denial of the claim, the appointment was cancelled. In a Notice of Denial, Employer stated as the basis for its denial that the "[c]laim is under investigation and a compensability decision cannot be made at this time." Employee filed a Petition for Benefit Determination requesting medical benefits. Following unsuccessful efforts to resolve the parties' dispute by mediation, a Dispute Certification Notice was filed. Employee subsequently requested that an expedited hearing be held.

During the expedited hearing, Employee called Ralph Brett, Employer's owner, to testify. According to the trial court's order, Mr. Brett testified that he was familiar with the concrete steps and walkway that go from Employer's building to the parking lot. He testified that most people use the steps, but that some people do not. He testified there are no signs posted requiring people to stay off the grass, and that Employer does not have a company policy about walking on the grass.

Following the hearing, the trial court issued an order granting medical benefits, which obligated Employer to authorize Employee to be seen by Dr. Smalley or to provide Employee a panel of orthopedic physicians from which he could select a treating physician. The order additionally required Employer to pay for the medical expenses previously incurred for treatment of Employee's June 3, 2015 work injuries.

Employer appeals, asserting that Employee's injuries did not arise primarily out of and in the course and scope of the employment. More specifically, Employer relies on *Woods v. Warren*, 548 S.W.2d 651 (Tenn. 1977), and contends the trial court erroneously extended Employer's liability beyond the provisions of the workers' compensation act by requiring Employer to provide benefits for an injury that occurred beyond the property where Employee actually works and beyond the area required for Employee's ingress and egress to and from the workplace.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

3

(A)   Violate constitutional or statutory provisions;

(B)   Exceed the statutory authority of the workers' compensation judge;

(C)   Do not comply with lawful procedure;

(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

In its position statement, Employer presents a single issue on appeal: "whether an employer's potential workers' compensation liability has expanded beyond the property where the employee actually works and the area he/she is required to use for ingress and egress into the building to now include every square inch of property owned and leased by the employer?" Employer asserts that "[t]he grassy area between the parking lot and the building does not meet the definition of premises as stated by the Tennessee Supreme Court," and that Employee's "injury mechanism did not arise out of the course and scope of his employment." Employer cites *Woods v. Warren*, 548 S.W.2d 651 (Tenn. 1977) as support for its assertions. However, since its decision in *Lollar v. Wal-Mart, Inc.*, 767 S.W.2d 143 (Tenn. 1989), which all but overruled *Woods*, the Tennessee Supreme Court has consistently held in cases involving injuries occurring before July 1, 2014, that "a worker who is on the employer's premises coming to or going from the actual work place is in the course of employment." *Id.* at 150.

In the instant case, the parties stipulated that Employee sustained an injury on June 3, 2015, while on Employer's premises. Employee testified that during a break, which the trial court described as a "routine break," he walked across the grass to go to his truck to "vape." The trial court determined from the testimony that Employee's foot got caught in a hole while he was walking across the grass and that he was injured when he fell to the ground. The trial court determined that Employer was not contending that the break was unauthorized; that it prohibited smoking on the premises; that there was a company policy requiring employees to stay off the grass; or that there were signs posted requiring employees to stay off the grass. Employer acknowledges in its position statement that "[t]he facts in this case are not in dispute and are properly stated in the [trial court's] Order." Based on the trial testimony and the exhibits, the trial court determined that Employee "sustained his injuries while performing an incidental act while in the course and scope of his employment."

4

Although testimony was presented to the trial court at the expedited hearing and the court relied on that testimony in deciding the case, we have been provided with no transcript of the testimony. Moreover, no statement of the evidence has been filed. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). The lack of a complete record precludes us from addressing the merits of the appeal, and we express no opinion on the issue raised by Employer.

## Conclusion

For the foregoing reasons, trial court's decision is affirmed and the case is remanded.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

5



**FILED**

**January 29, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:50 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Dennis, Jr. | ) | Docket No. 2015-01-0184 |
| | ) | |
| v. | ) | |
| | ) | State File No. 43330-2015 |
| Polymer Components | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of January, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Robert Dennis, Jr.** | | | | | X | robertdennis.12864@gmail.com |
| **Gordon Aulgur** | | | | | X | gordon.aulgur@accidentfund.com |
| **Audrey A. Headrick, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov