Shirley GOINS, Plaintiff–Appellee,

v.

KAYSER–ROTH HOSIERY, INC.,
Defendant–Appellant.

Supreme Court of Tennessee,
at Knoxville.

May 23, 1988.

Paul Campbell, III, Chattanooga, for defendant-appellant.

Jeffrey D. Boehm, Chattanooga, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

In this worker's compensation case the employer has appealed from an award of 60% permanent partial disability to the body as a whole and has raised several questions incidental thereto.

There is little dispute as to the material facts. The employee, Mrs. Shirley Goins, had been employed at the Kayser–Roth Hosiery Mill in Dayton for over 12 years when she slipped and fell inside the plant in the early morning hours of February 3, 1986. The accident happened shortly before she was to begin her shift at 6 a.m. Appellant was 49 years of age at the time of the accident, and she had no history of any prior back trouble or other serious physical limitations. She was a production worker and was paid on a piecework basis. During more than 12 years prior to the date of the accident, she had had no difficulty in meeting the production quotas set by her supervisors.

Rain had been falling prior to the time Mrs. Goins parked her automobile at a church parking lot across the street from one of the factory entrances. She and another employee entered at an authorized entrance. Once inside the factory building, she was making her way toward her work station when she slipped and fell in some water or other "oily looking" substance on the floor. Her left leg slipped in front of her, throwing her sharply onto her right knee. The worker accompanying her and others in the area assisted her so that she did not fall completely to the floor.

The incident was reported immediately. The employee was furnished medical and hospital services at the expense of the employer. She was also paid temporary total disability benefits when she was later unable to work. The case was accepted by the employer as being fully compensable.

■ Nevertheless, in its answer filed on May 21, 1986, the employer challenged the compensability of the injury upon the ground that it occurred before appellant had reached her work station. The answer cited T.C.A. § 50–6–205(d) as follows:

If payments have been made without an award, and the employer subsequently elects to controvert his liability, notice of controversy shall be filed with the director within fifteen (15) days of the due date of the first omitted payment. In such cases the prior payment of compensation shall not be considered a binding determination of the obligations of the employer as to future compensation payments.

The record is devoid of evidence that the employer ever filed any such notice with the Director of the Worker's Compensation Division of the Department of Labor. The preponderance of the evidence supports the finding of the Chancellor that the action was compensable in all events, under the particular facts and circumstances of this case. The accident occurred in a normally provided walkway or route for employees, inside the plant or factory building, and in an area where members of the public were not generally invited. A foreign substance such as moisture or an oily waste had accumulated on the floor. See *Frazier v. Normak International*, 572 S.W.2d 650 (Tenn.1978). However, failure of the employer to show compliance with the statutory requirement quoted above precludes it from now contending that the accident and the resulting injury to the employee were not within the coverage of the worker's compensation statutes.

■ The employee was able to work full time for several days following the accident, but her pain and discomfort gradually increased. Within a few days after the accident, she consulted a physician who was on an approved list furnished by the employer. He later referred her to an orthopedic specialist, also approved by the employer. She obtained little or no relief from the medications, hospitalization and bed rest prescribed by these physicians. On April 7, 1986, she consulted a neurosurgeon, Dr. Peter Boehm, of Chattanooga, Tennessee. He treated her for the next seven months. It was his opinion that she

had aggravated a prior latent arthritic condition, resulting in persistent pain and limitation of motion in her lumbar spine. He also found evidence of narrowing and degeneration near lumbar discs, although no discs were actually herniated.

Dr. Boehm was of the opinion that the appellee would retain 17% permanent partial disability to the body as a whole as a result of the aggravation of the arthritic condition of her lumbar spine. This rating was based upon approved medical guidelines. The orthopedic specialist to whom appellant referred the employee, who last saw her in March, 1986, was of the opinion that she would not retain any permanent partial disability. The trial judge was, therefore, confronted with conflicting medical opinions; but the examinations and treatment by Dr. Boehm continued for many months beyond those conducted by the orthopedic specialist. The evidence does not preponderate against the decision of the trial judge to accept the evaluation of Dr. Boehm. Insofar as the record discloses, the employer never saw fit to have appellee re-examined after March, 1986, by its orthopedic physician or any other physician, although it had knowledge that she had filed suit in this matter in April, 1986; and the case was not tried until June 26, 1987. Dr. Boehm gave his deposition on December 16, 1986.

Based upon an opinion by a neurosurgeon and upon the lay testimony as to the limitations upon the activities of appellee, and her continued efforts to work with decreasing success, the trial judge made an award of 60% permanent partial disability to the body as a whole. This estimate is based upon the record, and in our opinion, it is not contrary to the weight and preponderance of the evidence. The decision is therefore affirmed. Clearly appellee had been an active employee before this accident. Afterward, she could do her work only with great difficulty and with special assistance. She could not meet her production quotas for the last several months when she attempted to work, although her physician urged her to try to work as much as possible.

There was no satisfactory evidence offered by either of the parties as to the average weekly wage of the employee. An award cannot be based upon the rough estimate given by the appellee nor on the unsubstantiated estimate given by an official of appellant. The cause will be remanded to the trial court with directions that counsel either agree upon the average weekly wage or that a further hearing be held to determine it in accordance with the applicable statutes.

The trial judge concluded that since the employee did not seek approval of her employer prior to consulting Dr. Boehm, she could not recover for the expenses incidental to his treatment. We affirm that ruling. Dr. Boehm, however, did render necessary and reasonable services to her; and the trial judge accepted his testimony over that of the orthopedic specialist on the employer's approved list. The Chancellor ruled that any future medical, hospital, or pharmaceutical expenses approved by Dr. Boehm should be borne by the employer; and, in our opinion, the trial judge was justified in making this determination.

The trial judge also ordered the employer to pay the costs of a TENS unit which Dr. Boehm had found necessary for the relief of pain in this patient. The employer refused to furnish this unit or to pay for its cost. Since the record clearly shows that this special unit is needed and is one of the few means of relieving the patient's pain, the trial judge acted well within his discretion in directing that such a unit be supplied at the cost of the employer.

We find no merit in any of the other issues raised by counsel for the employer. It was insisted that the trial judge erred in permitting the orthopedic specialist to be cross-examined with reference to the findings of Dr. Boehm. We have examined the testimony carefully and find no error with respect to that cross-examination.

The refusal of the trial judge to permit counsel for the employer to cross-examine the employee concerning her filing this suit upon the pauper's oath is clearly

without merit. When the employee attempted to testify on direct examination concerning her straitened family finances, counsel for the employer objected on the ground that the testimony was irrelevant. This objection was sustained. In our opinion the matter continued to be irrelevant when counsel for the employer sought to pursue it on cross-examination. There are procedures for challenging the pauper's oath which were not followed in this case. The refusal of the trial judge to permit counsel to cross-examine concerning the matter was not error under the circumstances and would not constitute reversible error in any event.

Except with respect to the issue concerning proof of the proper average weekly wage, and the resultant compensation rate, all issues on appeal raised by the employer are overruled. The issue raised by the employee, seeking reimbursement for past services of Dr. Boehm, is also overruled. Costs incident to the appeal are taxed to appellant. The cause is remanded to the trial court for determination of the appropriate worker's compensation rate and for any other proceedings which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.