Peggy SEWELL, Plaintiff–Appellant,

v.

AMERICAN UNIFORM COMPANY,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 10, 1988.

Edmund Lee Baugh, Jr., Cleveland, for plaintiff-appellant.

George Lane Foster, Hall, Haynes, Lusk & Foster, Chattanooga, for defendant-appellee.

### OPINION

HARBISON, Chief Justice.

Appellant sustained an accidental injury on March 17, 1987, when she was struck by a vehicle being driven by a fellow employee in a fenced company-owned parking lot. She had finished work for the day, had clocked out and had entered the parking lot to get into her automobile in order to drive home.

The Chancellor concluded that the parking lot was sufficiently controlled and inaccessible to members of the public that entry into it by employees was by a required route, within the meaning of the Tennessee cases dealing with that subject. He held, however, that the appellant was not subjected to a special definite hazard within the meaning of the cases to make her claim compensable. After reviewing the record, we respectfully disagree and remand the case for further proceedings.

The company parking lot in which employees driving to work were permitted to park their automobiles was situated directly across a public street from the main entrance into the factory. The lot was divided into two portions by a fence. During morning hours and until about 3 p.m. there was another entrance through which employees might drive in order to park their automobiles. This gate was closed at 3 p.m., however, and thereafter employees parking in the north portion of the lot could only exit by a single gate for northbound traffic. Employees parking in the southerly portion of the lot had to exit at a separate gate for southbound traffic. A security officer employed by the appellee was on duty to guard the lot during regular working hours. He locked the additional gate at 3 p.m. and thereafter directed traffic.

Closing time for the majority of the workers at the plant was 3:30 p.m. There was congestion and concentrated traffic for a time thereafter because of the large number of employees going to the parking lot and attempting to exit at about the same time. This was the reason for the traffic control and for the closing of the alternate gate.

Appellant regularly parked in the north parking lot. On the afternoon in question after she entered the lot and was en route to her automobile, she was accidentally struck by another employee while the latter was backing her automobile out of her parking space.

The use of the parking lot in question is not available for members of the general

public. The lot is posted, and its use is limited to company employees.

In a number of cases it has been held that an employee in a company-owned, guarded or fenced parking lot or walkway may recover for injuries sustained therein. Most of the cases have involved defects in the premises, such as potholes, slick spots or ice and snow. *See generally Kellwood Company v. Gibson,* 581 S.W.2d 645 (Tenn. 1979); *Frazier v. Normak International,* 572 S.W.2d 650 (Tenn.1978); *Aluminum Company of America v. Baker,* 542 S.W. 2d 819 (Tenn.1976); *Potts v. Heil–Quaker Corporation,* 482 S.W.2d 135 (Tenn.1972).

Compensability in cases such as this, however, does not depend upon negligence of the employer, nor is a claim barred by contributory negligence of an employee if it is otherwise compensable. A special hazard may occur on an employer's premises by reason of traffic congestion as well as for a dangerous or defective physical condition on the premises.

In the present case, we are of the opinion that the hazards of congested traffic immediately after the closing hour were well known to the employer. For this reason a security guard was employed to direct traffic, to close one of the entrances and exits and to assure that traffic departed from the premises in an orderly manner.

As recognized by the parties, ordinarily injuries sustained by an employee going to or from work are not covered by the Tennessee Worker's Compensation Law. Where the employee is on the employer's premises, however, and is required to use a special or restricted route or access and is there exposed to a special hazard, not common to the members of the public generally, recovery may be permitted.

In our opinion, the preponderance of the evidence in the present case establishes that the employee was subjected to a special hazard and that the injury was compensable.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent herewith.

Costs incident to the appeal are taxed to the appellee.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.